UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOEL ROSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>TEXTRON, INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH, and TERRY D. STINSON | : | C.A. 02-190S |
| LESLIE TURBOWITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>TEXTRON, INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH and TERRY D. STINSON | : | C.A. 02-264S |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' APPEALS OF THE MAY 4 AND MAY 13 ORDERS OF THE MAGISTRATE AND TO DEFENDANTS' MOTION FOR A STAY PENDING RESOLUTION OF THE MAY 4 APPEAL**

| | |
|---|---|
| William M. Kolb, Esq. #3664<br>Law Offices of William M. Kolb, LLC<br>1 Ship Street<br>Providence, RI 02903<br>(401) 490-8297<br>(401) 490-8299 (fax)<br><br>*Plaintiffs' Liaison Counsel*<br><br>Dated: June 3, 2005 | Michael I. Behn, Esq. *(pro hac vice)*<br>Ronald L. Futterman, Esq.<br>FUTTERMAN & HOWARD, CHTD.<br>122 S. Michigan Ave., Suite 1850<br>Chicago, IL 60603<br>(312) 427-3600<br><br>Ira M. Press, Esq. *(pro hac vice)*<br>Mark A. Strauss, Esq.<br>KIRBY McINERNEY & SQUIRE, LLP<br>830 Third Ave., 10th Floor<br>New York, NY 10022<br>(212) 371-6600<br><br>*Plaintiffs' Co-Lead Counsel* |

Now come class representatives International Brotherhood of Teamsters Local 710 Pension Fund, Local 710 Health and Welfare Fund, Local 710 Employees' Pension Fund and William Swartchild III and hereby respectfully object to (i) defendants' appeal of the May 13 Order of the Magistrate denying defendants' motion to close the pleadings from any future attempted amendment, (ii) defendants' appeal of the May 4 Order of the Magistrate granting plaintiffs' motion to compel production of unredacted documents and (iii) defendants' motion for a stay pending appeal of the May 4 Order. The grounds for the objection are contained in the memorandum of law which is attached hereto and incorporated by reference herein.

Dated: June 3, 2005

Respectfully submitted,

Law Offices of William M. Kolb, LLC

By: William M. Kolb

William Kolb, Esq. #3664
1 Ship Street
Providence, Rhode Island 02903
(401) 490-8297
(401) 490-8299 (fax)

Plaintiffs' Local Counsel

Ira M. Press, Esq.
Mark A. Strauss, Esq.
KIRBY MCINERNEY & SQUIRE, LLP
830 Third Avenue, 10th Floor
New York, New York 10022
(212) 371-6600

Michael I. Behn, Esq.
FUTTERMAN & HOWARD, CHTD.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
(312) 427-3600

Plaintiffs' Co-Lead Counsel

David Bershad, Esq.
Kirk A. Chapman, Esq.
MILBERG WEISS BERSHAD & SCHULMAN
One Pennsylvania Plaza
New York, New York 10119-0165
(212) 594-5300

Plaintiffs' Counsel

Certificate of Service

I hereby certify that on the 3rd day of June, 2005, a true and accurate copy of PLAINTIFFS' OBJECTION TO DEFENDANTS' APPEALS OF THE MAY 4 AND MAY 13 ORDERS OF THE MAGISTRATE AND TO DEFENDANTS' MOTION FOR A STAY PENDING RESOLUTION OF THE MAY 4 APPEAL AND MEMORANDUM OF LAW IN SUPPORT THEREOF were served by first class mail, postage prepaid, upon the following:

John A. Tarantino, Esq.
Paul V. Curcio, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Anthony J. Mahajan, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOEL ROSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>TEXTRON, INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH, and TERRY D. STINSON | : | C.A. 02-190S |
| LESLIE TURBOWITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>TEXTRON, INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH and TERRY D. STINSON | : | C.A. 02-264S |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO DEFENDANTS' APPEALS OF THE MAY 4 AND MAY 13 ORDERS OF THE MAGISTRATE AND TO DEFENDANTS' MOTION FOR A STAY PENDING RESOLUTION OF THE MAY 4 APPEAL**


| | |
|---|---|
| William M. Kolb, Esq. #3664<br>Law Offices of William M. Kolb, LLC<br>1 Ship Street<br>Providence, RI 02903<br>(401) 490-8297<br>(401) 490-8299 (fax)<br><br>*Plaintiffs' Liaison Counsel*<br><br>Dated: June 3, 2005 | Michael I. Behn, Esq. *(pro hac vice)*<br>Ronald L. Futterman, Esq.<br>FUTTERMAN & HOWARD, CHTD.<br>122 S. Michigan Ave., Suite 1850<br>Chicago, IL 60603<br>(312) 427-3600<br><br>Ira M. Press, Esq. *(pro hac vice)*<br>Mark A. Strauss, Esq.<br>KIRBY McINERNEY & SQUIRE, LLP<br>830 Third Ave., 10th Floor<br>New York, NY 10022<br>(212) 371-6600<br><br>*Plaintiffs' Co-Lead Counsel* |

Class representatives International Brotherhood of Teamsters Local 710 Pension Fund, Local 710 Health and Welfare Fund, Local 710 Employees' Pension Fund and William Swartchild III hereby respectfully submit this memorandum of law in support of their objection to (i) defendants' appeal of the May 13 Order of United States Magistrate Almond denying defendants' motion to close the pleadings from any future attempted amendment, (ii) defendants' appeal of the May 4 Order of United States Magistrate Almond granting plaintiffs' motion to compel production of unredacted documents and (iii) defendants' motion for a stay pending appeal of the May 4 Order.

## PRELIMINARY STATEMENT

The instant appeals clearly demonstrate the correctness of the Magistrate's rulings. Plaintiffs have no idea what they will find in the unredacted documents which the Magistrate ordered the defendants to produce. Evidently, however, defendants are so terrified of what the documents contain that they are pursuing a two-pronged strategy. First, they are seeking to prevent plaintiffs from seeing the documents. Second, they are seeking to prohibit plaintiffs from showing them to the Court. Defendants, however, clearly protest too much. The Magistrate correctly ordered the disclosure sought and properly denied the prohibition on future amendments to the pleadings. In all likelihood, the information sought is highly material and relevant, and provides a legitimate basis to amend. The orders of the Magistrate should be affirmed.

## ARGUMENT

### I.
### THE ORDERS OF THE MAGISTRATE SHOULD BE AFFIRMED

Decisions of a magistrate judge may be reversed by a district court only if it is shown that they were "contrary to law" or "clearly erroneous." 28 U.S.C. §636(B). *Sherrell Perfumes, Inc. v. Revlon, Inc.*, 77 F.R.D. 705 (S.D.N.Y. 1977) ("decisions with respect to discovery motions are final unless clearly erroneous or contrary to law"). Here, neither standard for reversal is met with

respect to the Magistrate's orders of May 13 and 4. Defendants' appeals should accordingly be denied.

**A. The Magistrate's Denial of The Motion to Prohibit Future Amendments Was Fully Consistent with Rule 16(b)(1)**

Defendants contend that the May 13 Order denying defendants' motion to close the pleadings from any attempted future amendment was "contrary to law" and should be reversed because the Magistrate purportedly failed to consider the impact of Rule 16(b)(1) of the Federal Rules of Civil Procedure. According to defendants, because "this case is now more than three years old",[1] such an order is required under the Rule. Clearly, this is incorrect.

To be sure, Rule 16(b)(1), which governs scheduling orders, authorizes courts to include deadlines for pleading amendments. Here, however, defendants acknowledge that this Court's scheduling order contains no such deadline. Obviously, it would defy due process to hold that plaintiffs have *already* missed a heretofore *unscheduled* deadline, as defendants request.

[1] Plaintiffs respectfully note that, although defendants technically are correct about the age of the case, the motion to dismiss was decided less than a year ago, plaintiffs were not entitled to serve discovery until summer 2004, and document production did not begin until last fall. In addition, as the recent orders on the motions to compel confirm, defendants' document production to date has been inadequate.

Under clear law, where, as here, there is no scheduling order deadline, Rule 15(a) controls amendments. *McKinley v. Kaplan*, 177 F.3d 1253 (11th Cir. 1999) (error to deny leave to amend based on deadline in proposed scheduling order which was never entered and thus never became binding). Magistrate Judge Almond thus properly relied upon Rule 15(a), not Rule 16(b)(1).[2]

Nor would a Rule 16(b)(1) deadline, even if one existed, prohibit plaintiffs from seeking to amend. Rather, a plaintiff seeking to amend after a scheduling order deadline simply must demonstrate "good cause" entitling him to relief from the order in addition to satisfying the usual requirements of Rule 15(a). *See S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533 (5th Cir. 2003) ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."); *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 57 Fed.R.Serv.3d 1184 (1st Cir. 2004).

In addition, the uncovering of previously-unknown facts as the result of discovery indisputably constitutes "good cause" under Rule 16(a)(1). *See Forstmann v. Culp*, 114 F.R.D. 83, 85 n.1 (M.D.N.C. 1987) ("'Good cause' for modifying the scheduling order might exist if, for example, plaintiff uncovered previously unknown facts during discovery that would support an additional cause of action."); *Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1044 (4th Cir.1984) (abuse of discretion to refuse to permit plaintiff to amend where evidence was

---

2 The Court may find it appropriate, as in the usual case, to set a deadline for amendments to expire near the conclusion of fact discovery.

discovered six days before trial).

Magistrate Judge Almond's Order was thus fully consistent with Rule 16(b)(1). It properly recognized that there was no scheduling order deadline in place. It appropriately allowed for the possibility that, pursuant to Rule 15(a), plaintiffs may legitimately seek to amend the pleadings in the future based on the information uncovered. The Court cannot order an expired scheduling deadline, as defendants request. Defendants' appeal of the May 13 Order thus has no merit and should be denied.

**B. The Magistrate's Order Compelling Production of Unredacted Documents Was Correct and Well-Reasoned**

Defendants also appeal the Magistrate Judge Almond's order compelling them to produce unredacted documents. Defendants argue that plaintiffs could use the information obtained "as a springboard to try to resurrect dismissed claims or add new claims relating to products or programs other than the V-22" and that this would conflict with the stay on discovery imposed during the pendency of motions to dismiss under the PSLRA.

For the correct reasons set forth by Magistrate Judge Almond in his Order, however, this argument fails. The subject documents are "relevant" to plaintiffs' surviving claims. Redaction makes the documents "confusing" and "difficult to use" and raises the "suspicion that relevant harmful material . . . has been obscured." Furthermore, defendants "do not, and indeed cannot, argue that factors such as confidentiality or undue burden/expense should tilt the balance in favor of unilateral redactions."

Defendants do not even attempt to argue that these grounds, upon which the Magistrate based his well-reasoned ruling, were "contrary to law" or "clearly erroneous." Clearly,

they are not.

In addition, plaintiffs have already survived a motion to dismiss, and the discovery concerns particularized documents that were already produced (albeit in redacted form). Thus, as in *In re WorldCom, Inc. Securities Litigation*, 234 F.Supp.2d 301 (S.D.N.Y. 2002), "plaintiffs are not in any sense engaged in a fishing expedition or an abusive strike suit and do not thereby act in contravention of the fundamental rationales underlying the PSLRA discovery stay . . . ." *Id* at 306 (granting motion to lift discovery stay).

Nor is the prospect of plaintiffs' repleading based on information uncovered a valid reason to prevent discovery. Obviously, having to face an amended complaint predicated on reliable evidence is not "undue burden" warranting denial of discovery. *See, e.g., In re Tyco Intern., Ltd. Multidistrict Litigation*, 2003 WL 23830479 (D.N.H. Jan 29, 2003) ("I recognize that if plaintiffs . . . uncover new evidence of wrongdoing by the defendants, they are likely to amend their complaints and thereby provide the plaintiffs in the Securities Actions with information that may be useful in drafting their own amended complaint. I fail to see, however, how such a result will encourage plaintiffs in future cases to file frivolous securities claims.").

## II.
## DEFENDANTS ARE NOT ENTITLED TO A STAY PENDING APPEAL

Defendants also move for a stay of the discovery ordered by the Magistrate in the May 4 Order regarding production of unredacted documents pending resolution of defendants' appeal. Plaintiffs acknowledge that production of the unredacted documents would moot the appeal. Nevertheless, because the Magistrate's decision was well-reasoned and correct, a stay is inappropriate and should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that defendants' appeals from the May 4 and May 13 orders of the Magistrate be denied, and that defendants' motion for a stay pending appeal of the May 4 Order be denied.

Dated: June 3, 2005

Respectfully submitted,

Law Offices of William M. Kolb, LLC

By: [signature]
William Kolb, Esq. #3664
1 Ship Street
Providence, Rhode Island 02903
(401) 490-8297
(401) 490-8299 (fax)

Plaintiffs' Local Counsel

Ira M. Press, Esq.
Mark A. Strauss, Esq.
KIRBY MCINERNEY & SQUIRE, LLP
830 Third Avenue, 10th Floor
New York, New York 10022
(212) 371-6600

Michael I. Behn, Esq.
FUTTERMAN & HOWARD, CHTD.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
(312) 427-3600

Plaintiffs' Co-Lead Counsel

David Bershad, Esq.
Kirk A. Chapman, Esq.
MILBERG WEISS BERSHAD & SCHULMAN
One Pennsylvania Plaza
New York, New York 10119-0165
(212) 594-5300

Plaintiffs' Counsel