UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOEL ROSEN, individually and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 02-190S |
| TEXTRON, INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH, | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT FOR ENTRY OF PRIVACY ACT PROTECTIVE ORDER

Class representatives International Brotherhood of Teamsters Local 710 Pension Fund, Local 710 Health and Welfare Fund and Local 710 Employees' Pension Fund (the "Local 710 Funds"), and additional plaintiff William Swartchild III (collectively, "plaintiffs"), hereby move this Court to enter the proposed attached Privacy Act Protective Order, attached hereto as Exhibit A. Plaintiffs' counsel has been advised by the counsel for the Department of Defense Inspector General ("DoD") that the United States and the DoD agree to this motion and the issuance of the attached proposed Order.

## I. THIS COURT HAS RECOGNIZED PLAINTIFFS ARE ENTITLED TO DOCUMENTS CONCERNING GOVERNMENT INVESTIGATIONS

As the Court has recognized, documents concerning the government's investigations of the Osprey are relevant to plaintiffs' claims. The complaint contains numerous references to Inspector General investigations and audits, including reports and audits issued on August 15, 2000, December 11, 2001, and June 24, 2002. *See, e.g.*, ¶¶ 69 - 76, 220b. On May 10, 2005, Magistrate Judge Almond granted plaintiffs' motion to compel production from defendants of

"[a]ll documents concerning any governmental investigation, inquiry, subpoena, audits, investigation, or review concerning the V-22 Program." The Court concluded that plaintiffs "argue convincingly that internal documents evidencing Defendants' reaction to, or awareness of, such Government findings, and documents from Defendants to the Government regarding such findings are relevant." (Order, May 10, 2005, at 8.)

In conducting their investigation, plaintiffs contacted the Department of Defense ("DoD") seeking information with respect to government investigations into the Osprey program and Textron. In accordance with DoD Regulations (32 CFR Part 97), plaintiffs made a request to the DoD Inspector General for "all documents concerning investigations, inquiries, or audits concerning the V-22 'Osprey' program, Textron, Inc., or Textron's Bell Helicopter subsidiary."[1] Pursuant to subsequent discussions, this request was narrowed to materials concerning the V-22 Osprey program.

The DoD is in the process of preparing the requested documents for release; however, DoD recently requested that the plaintiffs obtain an order under the Privacy Act of 1978, 5 U.S.C. §552a, so that the documents could be produced without redaction. Without a protective order, the Privacy Act requires DoD officials to pre-screen each document for Privacy Act objections and requires them to present those objections to the Court for a decision regarding disclosure. The proposed protective Order, however, provides for the protection of information in accordance with the purpose of the Privacy Act, will eliminate a procedural hurdle, and will

---

[1]DoD requested that plaintiffs not issue a subpoena, but rather make a request through normal regulatory channels. No subpoena was required, nor was there any requirement that defendants be notified. However, plaintiffs will produce all documents obtained to the defendants.

permit the DoD to produce official information and documents reasonably responsive to plaintiffs' requests. Additionally, the proposed protective order will eliminate the need for the government to redact documents pursuant to the Privacy Act. The Court has indicated its concurrence with caselaw suggesting that redacted documents at best make documents confusing or difficult to use when it granted plaintiffs' motion to compel the production of unredacted documents in its May 4, 2005 Order.

As indicated below, the proposed order is commonly issued and procedurally appropriate where the Privacy Act applies to subpoenaed documents.

## II. A PRIVACY ACT ORDER IS WARRANTED FOR THE DISCOVERY OF RELEVANT INFORMATION

The Privacy Act of 1974 was a Watergate-era statute designed to balance the government's need to maintain personal information with individual privacy concerns. 5 U.S.C. § 552a. Generally, it restricts the disclosure of personal information, including names, except under certain conditions. In this case, the Privacy Act restricts the government's disclosure of witness' names in certain documents without a Court Order.

Information subject to the Privacy Act can be disclosed "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). Such an order should be issued to permit the disclosure of relevant information. *Laxalt v. McClatchy*, 809 F.2d 885, 888-90 (D.C. Cir. 1987); *see also, e.g., Snyder v. United States*, No. 02-0976, 2003 WL 21088123, at **2-3 (E.D. La. May 12, 2003); *Lynn v. Radford*, No. 99-71007, 2001 WL 514360, at *3 (E.D. Mich. Mar. 16, 2001); *Anderson v. Cornejo*, No. 97 C 7556, 2001 WL 219639, at *3 (N.D. Ill. Mar. 6, 2001); *Hernandez v. United States*, No. 97-3367, 1998 WL 230200, at **2-3 (E.D. La. May 6, 1998).

Here, the Court has already ruled on the issue of relevance. (*See* Order, May 10, 2005, at 8.)

To the extent that any privacy issues remain concerning witness' identities, the DoD has provided a protective order that it has used in other cases. A protective order limiting discovery under Rule 26(c) of the Federal Rules of Civil Procedure is a proper procedural device for protecting particularly sensitive Privacy Act-protected records when subsection (b)(11) court orders are sought. *See Laxalt*, 809 F.2d at 889-90; *see, e.g., Boudreaux v. United States*, No. 97-1592, 1999 WL 499911, at **1-2 (E.D. La. July 14, 1999) (recognizing relevancy of subsection (b)(11) to court's resolution of dispute over motion to compel responses to production of documents subject to Privacy Act, but ordering *in camera* review of documents so that legitimacy of agency objections may be determined "in the considered and cautious manner contemplated by the Privacy Act"); *Gary v. United States*, No. 3:97-cv-658, 1998 WL 834853 at *4 (E.D. Tenn. Sep 04, 1998) (finding that while third party's personnel file may contain relevant information, disclosure of that file must be made pursuant to protective order); *Bustillo v. Hawk*, No. 97-WM-445, 1998 WL 299980, at **4-6 (D. Colo. May 28, 1998) (ordering defendant to provide United States Marshal Service with addresses of individually named defendants for service of process on behalf of inmate and ordering that addresses be safeguarded by Marshal Service).

## III. CONCLUSION

As indicated herein, the proposed protective Order attached would enable the DoD to provide unredacted copies of documents the subject matter of which this Court has already held to be relevant and necessary for Plaintiffs to receive. Entering such an Order is also procedurally appropriate in situations where a government agency has Privacy Act concerns over producing

materials pursuant to an appropriately-made request. Therefore, in order to protect the privacy of various individuals associated with this litigation against the unreasonable disclosure of official information and records as specified by the provisions of the Privacy Act of 1974, 5 U.S.C. §552a, and to allow the Department of Defense to make available such official information and documents without violating the provisions of the Privacy Act, it is requested that, pursuant to 5 U.S.C. §552a(b)(11), the Court grant the Order attached hereto.

Respectfully submitted,

By: William M. Kolb
One of Plaintiffs' Attorneys

Dated: June 17, 2005

William M. Kolb
LAW OFFICES OF WILLIAM M. KOLB, LLC
1 Ship Street
Providence, RI 02903
Tel: (401) 490-8297
Fax: (401) 490-8299

Plaintiffs' Liaison Counsel

Ira M. Press, Esq.
Mark A. Strauss, Esq.
KIRBY McINERNEY & SQUIRE, LLP
830 Third Avenue
New York, NY 10022
Tel: (212) 371-6600

Michael I. Behn, Esq.
Ronald L. Futterman, Esq.
FUTTERMAN & HOWARD, CHARTERED
122 South Michigan Avenue, Suite 1850
Chicago, IL 60603
Tel: (312) 427-3600

Plaintiffs' Co-Lead Counsel

Kirk Chapman
MILBERG WEISS BERSHAD HYNES
& LERACH LLP
One Pennsylvania Plaza
49th Floor
New York, NY 10019
Tel: (212) 594-5300

Certificate of Service

I hereby certify that on the 17th day of June, 2005, a true and accurate copy of PLAINTIFFS' MOTION AND MEMORAANDUM IN SUPPORT FOR ENTRY OF PRIVACY ACT PROTECTIVE ORDER was served by first class mail, postage prepaid, upon the following:

John A. Tarantino, Esq.
Paul V. Curcio, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Anthony J. Mahajan, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166

[signature]