UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOEL ROSEN, individually and on behalf of all others similarly situated' | : | |
| Plaintiffs | : | C.A. No.: 02-190S |
| vs. | : | |
| TEXTRON, INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH and TERRY D. STINSON, | : | |
| Defendants | : | |

**Plaintiffs' Objection to Defendants' Motion for Reconsideration of the Court's May 11, 2005 Order Granting Class Certification**

Now come Plaintiffs in the above matter and hereby object to Defendants' Motion for Reconsideration of the Court's May 11, 2005, Order Granting Class Certification. As grounds, please see the Memorandum of Law which is attached hereto and incorporated by reference herein.

Dated: June 17, 2005

Respectfully submitted,

LAW OFFICES OF WILLIAM M. KOLB, LLC

By: William M. Kolb

William M. Kolb
1 Ship Street
Providence, RI 02903
(401) 490-8297
(401) 490-8299 (Fax)

Plaintiffs' Liasion Counsel

KIRBY McINERNEY & SQUIRE, LLP
Ira M. Press
830 Third Avenue, 10th Floor
New York, New York 10022
(212) 371-6600

FUTTERMAN & HOWARD
CHARTERED
Michael Behn
122 S. Michigan Ave., Ste. 1850
Chicago, IL 60603
(312) 427-3600

Plaintiffs' Co-Lead Counsel

MILBERG WEISS BERSHAD &
SCHULMAN
Kirk Chapman
One Pennsylvania Plaza
New York, NY 10119-0165
Tel: (212) 594 - 5300

Plaintiffs' Counsel

Certificate of Service

I hereby certify that on the 17th day of June, 2005, a true and accurate copy of Plaintiffs' Objection to Defendants' Motion for Reconsideration of the Court's May 11, 2005 Order Granting Class Certification. was served by first class mail, postage prepaid, upon the following:

John A. Tarantino, Esq.
Paul V. Curcio, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Anthony J. Mahajan, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOEL ROSEN, individually and on behalf of all others similarly situated, | : | |
| Plaintiffs, | : | Civil Action No. 02-190S |
| vs. | : | |
| TEXTRON, INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH, and TERRY D. STINSON, | : | |
| Defendants. | : | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

Class representatives International Brotherhood of Teamsters Local 710 Pension Fund, Local 710 Health and Welfare Fund, Local 710 Employees' Pension Fund (the "Local 710 Funds") and William Swartchild III respectfully submit this memorandum of law in opposition to defendants' motion for reconsideration of the Court's May 11, 2005 decision granting class certification.

## PRELIMINARY STATEMENT

Defendants' motion does not challenge the appointment of co-class representative William Swartchild III. Accordingly, even if the instant motion was granted, there would still be a class representative (Mr. Swartchild), and the case would still be certified as a class action.

Regardless, defendants' challenge to the Local 710 Funds is meritless. The decision of this Court appointing the Local 710 Funds as class representatives was thorough and well-reasoned, and defendants provide no legitimate basis for reconsideration. They point to no intervening change in controlling law (or any new law for that matter) or any new, previously

unavailable evidence. Defendants simply attempt to rehash the same arguments which they raised before and which the Court expressly considered and correctly rejected in its decision. Reconsideration must be denied.

Recognizing that they have no basis to relitigate previously rejected arguments, defendants purport to advance a new argument; that the Court erred in considering the merits of their "unique defense" arguments in the first place. According to defendants, the mere fact that purported "unique defenses" were raised – regardless of whether there is any substance to them – precludes appointment of the Local 710 Funds.

Obviously, this argument fails. A defendant cannot defeat appointment of a class representative merely by raising groundless or speculative defenses. Otherwise, no class action would be certified. A defendant must show that a purported defense is meritorious enough to require the plaintiff to devote considerable time to its rebuttal. Courts routinely so hold. This Court appropriately considered and rejected defendants' "unique defense" arguments, and properly appointed the Local 710 Funds as class representatives.

## ARGUMENT

### I.
### RECONSIDERATION SHOULD BE DENIED BECAUSE THE INSTANT MOTION CONSTITUTES NO MORE THAN AN IMPROPER ATTEMPT TO RELITIGATE MATTERS ALREADY DECIDED BY THE COURT

Reconsideration is granted only "to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law." *Villanueva-Mendez v. Nieves Vazquez*, 360 F.Supp.2d 320, 322-23 (D. P.R. 2005); *Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 29 (1st Cir. 1994); *F.D.I.C. v. World University, Inc.*, 978 F.2d 10,

16 (1st Cir. 1992); *National Metal Finishing Com. v. Barclays American/Commercial, Inc.*, 899 F.2d 119, 124 (1st Cir. 1990).

Reconsideration cannot be used as a vehicle to relitigate matters that were already decided. *Villanueva-Mendez*, 360 F.Supp.2d at 322. As the court stated in *Villanueva-Mendez*, reconsideration cannot be used by a losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." 360 F.Supp.2d at 323 (citing *National Metal*, 899 F.2d at 123).

As a result, reconsideration is granted sparingly:

> "[M]otions for reconsideration must be strictly reviewed for at least four reasons. First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions. Third, broad interpretation of motions for reconsideration is not supported by controlling precedent. And last but not least, reconsideration of dispositive decisions ... hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice."

*Villanueva-Mendez*, 360 F.Supp.2d at 323-4 (quoting *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D.Pa.1998)).

Here, defendants provide no legitimate basis for reconsideration. They point to no intervening change in controlling law or any new evidence. The instant motion constitutes no more than an improper attempt to rehash the same arguments which defendants raised previously and which the Court expressly and considered and correctly rejected. Accordingly, the motion must be denied.

**A. The Court Correctly Held that Profits from Post-Class Period Sales Do Not Give Rise to a Legitimate "Defense", and Defendants Provide No Grounds Entitling Them to Relitigation of the Matter**

Defendants first attempt to relitigate their argument -- raised initially through the presentation of a chart at oral argument -- that the Local 710 Funds are not "typical" because they purportedly profited from sales of Textron stocks during the Class Period.

The Court, however, correctly rejected this argument. As plaintiffs showed in their Supplemental Memorandum of Law in Further Support of Motion for Class Certification, dated March 2, 2005, defendants' chart was based on improper data. The chart misleadingly and improperly included transactions which occurred *outside* of the Class Period (and beyond the ninety-day "look back" period mandated by the PSLRA). Such transactions were legally irrelevant. *See* Pls. Mar. 2, 2005 Supp. Mem. at p. 4-6.

In fact, the Local 710 Funds invested more than $4 million in Textron stock during the Class Period and suffered legally compensable damages of more than $1 million from those investments.[1] *See* Pls. Mar. 2, 2005 Supp. Mem. at 1-4. As the Court stated, "[t]he mere fact that a plaintiff sold stock during the class period does not in itself disqualify him from acting as a class representative." *Rosen v. Textron, Inc.*, 2005 WL 1120294, at *9 (D. R.I. May 11, 2005) (citations omitted) ("the fact that Local 710 sold some shares of Textron stock during the Class Period does not, in light of the significantly greater number of purchases, create a conflict going to the heart of this lawsuit.").

---

[1] Accordingly, defendants' chart showed no more than that statistical samples can be manipulated to support nearly any argument.

In their motion for reconsideration, defendants contest this determination, but fail to cite any new, controlling case law holding, contrary to the decision of this Court, that an investor must have engaged in only purchases and no sales during a class period in order to qualify as a class representative.

**B. The Court Correctly Held that Post-Class Period Purchases Do Not Give Rise to a Legitimate Defense, and Defendants Provide No Grounds Entitling them to Relitigation of the Matter**

Defendants also attempt to relitigate their contention that the Local 710 Funds are somehow subject to a "unique defense" because they purchased Textron stock after the Class Period at prices that were lower than the stock had been trading during the Class Period. According to defendants, such purchases prove that the Local 710 Funds could not have relied on the alleged misrepresentations during the Class Period.

This Court, however, squarely addressed this argument in its decision, correctly holding that such purchases do not raise any valid "unique defenses" concerning reliance. As the Court noted:

> In this court's view, the fact that Bear Stearns concluded, for example, that Textron stock was a good buy at $32.07 following full disclosure, is essentially irrelevant to the question of whether it relied on misleading information in buying Textron stock, for example, $50.51 during the Class Period.

*Rosen*, *supra*, 2005 WL 1120294, at *4.

Such decision was fully consistent with the weight of authority. *See* cases cited at pp. 14-15 of Pls.' Dec. 23, 2004 Reply Mem. in Support of Class Cert. *See also In re Elec. Data Sys. Corp. Sec. Litig.*, 226 F.R.D. 559, 565-66 (E.D. Tex. 2005); *In re Daimler Chrysler Sec. Litig.*, 216

F.R.D. 291, 298-99 (D. Del. 2003).[2] Furthermore, as this Court correctly noted, nothing in the deposition of James McClusky (the Bear Stearns portfolio manager who made the Local 710 Funds' investments) remotely suggested that such investments would have been made at the (inflated) pre-September 26, 2001 prices had Bear Stearns known the truth concerning the class period misrepresentations. *See Rosen*, *supra*, 2005 WL 1120294, at *5.

The Court also correctly held that no valid defense is raised by Bear Stearns' belief that Textron's stock price was undervalued in the aftermath of the September 26, 2001 announcement. As plaintiffs showed (*see* Pls.' Dec. 23, 2004 Reply Mem. at pp. 9-11), the fact that Bear Stearns believed that Textron stock was undervalued when it made post-class period purchases does not make Local 710 "atypical". Virtually all (if not all) investors purchase securities because they believe that the stock is undervalued and is poised to rise in price -- an intuitive truism that the Court cogently expressed in its May 11 opinion. *See Rosen*, *supra*, 2005 WL 1120294, at *7.

Again, defendants fail to cite any new, controlling case law or previously unavailable facts in their motion warranting a different result. Defendants are thus not entitled to reconsideration.

**C. The Court Correctly Held that Bear Stearns' Testimony Regarding Whether it Was "Misled" Does Not Give Rise to a Legitimate Defense, and Defendants Provide No Grounds Entitling them to Relitigation of the Matter**

---

[2] It is also consistent with common sense, as an investor's willingness to purchase stock after the company's true condition is revealed and the efficient market re-prices the stock downward is no indication that the investor would have been willing to pay the higher pre-disclosure prices had the investor known the truth at the time.

Finally, defendants attempt to reargue their contention that the Local 710 Funds are inadequate because the Bear Stearns portfolio manager, James McClusky, testified that he did not believe he was "misled" by Textron during the Class Period.

This Court, however, correctly considered and rejected this argument in its decision. As the Court correctly stated, "[a]t the time of his statement, McClusky was unaware of all of the alleged improprieties of Textron." 2005 WL 1120294, at *8.[3] The Court also correctly found that Mr. McClusky's subjective belief concerning the merits of the claim (regardless of the basis therefor) was irrelevant, as Mr. McClusky was not the class representative. As the Court stated, "the subjective belief of Bear Stearns, much less one employee of Bear Stearns, as to the materiality of the alleged information is not dispositive of Local 710's application to represent the class." *Rosen, supra*, 2005 WL 1120294, at *8. Thus, the Court stated:

> Even if McClusky took the stand at trial after reviewing all the pertinent evidence and reiterated his belief that he was not misled, a reasonable jury might still find in favor of Plaintiffs, particularly given that Bear Stearns is not a plaintiff in this case and has nothing to gain (and, perhaps, something to lose) by publicly accusing a company like Textron of fraud. In other words, McClusky's testimony would not in of itself preclude a reasonable jury from concluding Plaintiffs have carried their burden of proof as to each of the required elements.

*Id.* at *8.

Unable to provide any new, controlling case law or previously unavailable facts, defendants cannot contest such holding on a motion for reconsideration. The motion should be denied.

---

[3] Indeed, the testimony was elicited at a time when McClusky had no knowledge of the allegations in the pleadings, the Court's prior determination on the motion to dismiss, or the evidence produced in discovery. *See* Pls.' Dec. 23, 2004 Reply Mem. at pp. 16-17.

## II.
## DEFENDANTS CANNOT DISQUALIFY THE LOCAL 710 FUNDS BASED ON THE MERE ASSERTION OF GROUNDLESS DEFENSES

Recognizing that they have no basis to relitigate the foregoing points, defendants maintain that the Court erred in considering the merits of their "unique defense" arguments in the first place. According to defendants, the mere fact that purported "unique defenses" were raised – regardless of whether they have any substance – precluded the appointment of the Local 710 Funds as a class representative.

Defendants' argument is an absurd exercise in Orwellian distortion. It is well established that, in order to disqualify a proposed class representative based on a purported "unique defense," a defendant must show that such defense "is meritorious enough to require the plaintiff to 'devote considerable time to rebut the unique defense.'" *Hallet v. Li & Fung, Ltd.*, 1997 WL 621111, at *3 (S.D.N.Y. Oct. 6, 1997) (citation omitted). "Otherwise no class action could ever be certified," *id.*, because defendants could always speculate about "arguable" or "possible" defenses. Accordingly, "[t]he court should not disqualify a named plaintiff based upon any groundless, far-fetched defense that the defendant manages to articulate." *Id.* at *3; *see, e.g., Aks v. Southgate Trust Co.*, 1992 WL 401708, at *5 (D. Kan. Dec. 24, 1992) ("when these defenses are only arguable and speculative, the court does not need to deny class certification").[4]

---

[4] *See also, Ross v. Bank Smith, N.A.*, 837 F.2d 980, 991 (11th Cir. 1988), *modified on other grounds*, 885 F.2d 723 (11th Cir. 1989); *Cross v. 21st Century Holding Co.*, 2004 WL 307306, at *2-3 (S.D.N.Y. Feb. 18, 2004) (rejecting "frivolous" purported "unique defense" as grounds for non-certification); *Danis v. USN Communications, Inc.*, 189 F.R.D. 391, 395-97 (N.D. Ill. 1999); *In re Frontier Ins. Group Sec. Litig.*, 172 F.R.D. 31, 41 (E.D.N.Y.1997) (unique defense must attack heart of plaintiff's case); *Hickey v. Great Western Mortgage Corp.*, 158 F.R.D. 603, 609 (N.D. Ill. 1994); *Margaret Hall Foundation, Inc. v. Atlantic Financial Management, Inc.*, 1987 WL 15884, at *2 (D. Mass. Jul. 30,1987) ("the possibility that unique defenses may be asserted does not defeat (continued...)

In fact, even the existence of meritorious "unique defenses" (which the Court has correctly held is not the case here) does not disqualify a proposed class representative unless such defenses threatens to become the focus of the litigation. *See In re Ashanti Goldfields Securities Litigation*, 2004 WL 626810, at *13 (E.D.N.Y. Mar. 30, 2004) ("even in cases where a unique defense might exist, '[a] plaintiff subject to a unique defense is not an appropriate class representative only if that unique defense might draw the focus of the litigation away from common legal or factual issues.'") (quoting *In re Arakis Energy Corp. Sec. Litig.*, 1999 WL 1021819, at *6 (E.D.N.Y. Apr. 27, 1999); *In re Indep. Energy Holdings PLC Sec. Litig.*, 210 F.R.D. 476, 481 (S.D.N.Y.2002) ("While the extent of non-reliance on [plaintiffs'] part will certainly be a fact question to be decided at trial, it is unlikely to significantly shift the focus of the litigation to the detriment of the absent class members").

Accordingly, here, the Court appropriately rejected the defenses raised by the defendants after determining that the "evidence" presented did not even support an arguable defense. *See, e.g., Rosen, supra*, 2005 WL 1120294, at *4 ("should the evidence lead a jury to conclude that Plaintiffs were in fact misled, Defendants will find no defense to liability unique to Bear Stearns merely on the basis of its post-Class Period purchases"); *6 ("applying the *Basic* standard, this court concluded that the deposition evidence of McClusky cited by defendants does not rebut the presumption of reliance"); *7 ("Accordingly, this Court must find Local 710 not subject to a unique defenses because Bear Stearns believed that Textron stock was undervalued when it bought shares during the Class Period."); *8 ("this Court declines to hold that Local 710 is subject to a unique

---

[4](...continued)
typicality, as long as the representative plaintiffs' allegations are essentially the same as the allegations supporting class recovery").

defense precluding its certification as class representative on the basis of McClusky's subjective belief as to whether or not he was deceived in deciding to purchase Textron stock."); *9 ("Here, the fact that Local 710 sold some shares of Textron stock during the Class Period does not, in light of the significantly greater number of purchases, create a conflict going to the heart of this lawsuit.").[5]

**CONCLUSION**

For all the reasons set forth above in the Court's May 11 Order, in prior briefing and at the hearing on class certification, defendants' motion for reconsideration should be denied.

Dated: June 17, 2005

Respectfully submitted,

LAW OFFICES OF WILLIAM M. KOLB, LLC

By: ______________________
William M. Kolb
1 Ship Street
Providence, Rhode Island 02903
(401) 714-1391

Plaintiffs' Liaison Counsel

KIRBY McINERNEY & SQUIRE, LLP
Ira M. Press
830 Third Avenue, 10th Floor
New York, New York 10022
(212) 371-6600

---

[5] Defendants' reliance on *Koos v. First Nat. Bank of Peoria*, 496 F.2d 1162 (8th Cir. 1974) and *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176 (2d Cir. 1990) is unavailing. Neither held that the mere existence of arguable defenses, regardless of merit, precluded appointment of a class representative. Rather, in both cases the district courts evaluated the defenses, determining that they were potentially valid and threatened to become the focus of the litigation.

FUTTERMAN & HOWARD CHARTERED
Michael Behn
122 S. Michigan Ave., Ste. 1850
Chicago, IL 60603
(312) 427-3600

Plaintiffs' Co-Lead Counsel

MILBERG WEISS BERSHAD & SCHULMAN
Kirk Chapman
One Pennsylvania Plaza
New York, NY 10119-0165
Tel: (212) 594 - 5300

Plaintiffs' Counsel

Certificate of Service

I hereby certify that on the 17th day of June, 2005, a true and accurate copy of Plaintiffs' Memorandum in Opposition to Defendants' Motion for Reconsideration of the Court's May 11, 2005 Order Granting Class Certification. was served by first class mail, postage prepaid, upon the following:

John A. Tarantino, Esq.
Paul V. Curcio, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Anthony J. Mahajan, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166

[signature]
______________________________