**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JOEL ROSEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TEXTRON INC., LEWIS B. CAMPBELL, JOHN A JANITZ and THEODORE R. FRENCH,

Defendants.

Civil Action No. 02-190S

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO DEFENDANTS' APPEAL OF THE MAY 10 ORDER OF THE MAGISTRATE AND TO DEFENDANTS' MOTION FOR A STAY PENDING RESOLUTION OF THE MAY 10 APPEAL

**LAW OFFICES OF WILLIAM M. KOLB, LLC**
William M. Kolb, Esq. #3664
1 Ship Street
Providence, RI 02903
(401) 490-8297
(401) 490-8299 (fax)

***Plaintiffs' Liaison Counsel***

**FUTTERMAN & HOWARD, CHTD.**
Michael I. Behn, Esq. *(pro hac vice)*
Ronald L. Futterman, Esq.
122 S. Michigan Ave., Suite 1850
Chicago, IL 60603
(312) 427-3600

**MILBERG WEISS BERSHAD & SCHULMAN LLP**
David J. Bershad, Esq.
Kirk A. Chapman, Esq.
One Pennsylvania Plaza, 49th Floor
New York, NY 10119-0165
(212) 594-5300

***Plaintiffs' Counsel***

**KIRBY MCINERNEY & SQUIRE, LLP**
Ira M. Press, Esq. *(pro hac vice)*
Mark A. Strauss, Esq.
830 Third Ave., 10th Floor
New York, NY 10022
(212) 371-6600

***Plaintiffs' Co-Lead Counsel***

Dated: June 20, 2005

Class representatives International Brotherhood of Teamsters Local 710 Pension Fund, Local 710 Health and Welfare Fund, Local 710 Employees' Pension Fund and William Swartchild III, hereby respectfully submit this memorandum of law in support of their objections to (i) defendants' appeal of the May 10 Order of United States Magistrate Lincoln D. Almond granting, in part, plaintiffs' motion to compel production of documents and (ii) defendants' motion for a stay pending appeal of the May 10 Order.

## PRELIMINARY STATEMENT

Having failed to enlist the magistrate in their efforts to avoid their discovery obligations, defendants now, for the second time, seek to force their incorrect interpretations of the September 14, 2004 Discovery Scheduling Order and of the law governing this dispute upon plaintiffs and upon this Court. Even without the benefit of a transcript of the August 26, 2004 conference call, however, defendants' own correspondence exchanged with plaintiffs and provided to this Court unequivocally confirm that the Magistrate's interpretation of the Discovery Scheduling Order is correct. Likewise, the May 10 Order is fully consistent with this Court's decision denying defendants' motion to dismiss the Complaint, reported at *Rosen v. Textron*, 321 F.Supp.2d 308 (D. R.I. 2004) (the MTD Order), as well as with the Federal Rules of Civil Procedure and the PSLRA. The Magistrate's May 10 Order should be affirmed.

## ARGUMENT

### I. THE ORDER OF THE MAGISTRATE SHOULD BE AFFIRMED

Decisions of a magistrate judge on non-dispositive discovery matters may be reversed by a district court only upon a showing that they were "clearly erroneous" in fact or "contrary to law." 28 U.S.C. §636(B); D.R.I. Local Rule 32(b)(2); *Traceski v. Moore*, 2005 U.S. Dist. LEXIS 3912 at *3 (D.R.I. Mar. 4, 2005); *Fischer v. McGowan*, 585 F.Supp. 978, 984 (D.R.I. 1984). Here, defendants have met neither standard for reversal, and defendants' appeal should be denied.

**A. The May 10 Order is Consistent With the Discovery Scheduling Order, the Federal Rules of Civil Procedure, and the PSLRA**

Defendants register a general objection to the May 10 Order in which they contend that, because the Magistrate was not privy to the negotiations leading up to this Court's issuance of the Discovery Scheduling Order, he could neither interpret properly its literal meaning nor appreciate its "fundamental spirit and purpose." *See* Defendants' Notice of Appeal (Def. App.) at 1-4. Courts have roundly dismissed challenges to discovery rulings which claim that the magistrate had misinterpreted the terms of a court's scheduling order. *See Pick v. American Medical Systems, Inc.*, 1996 U.S. Dist. LEXIS 7499 (E.D. La. May 28, 1996) (magistrate's interpretation of scheduling order "well within his discretion," and appellant's objection "simply a duplicative request for another interpretation of this Court's Revised Scheduling Order"); *Spencer Savings Bank, SLA v. Excell Mortgage Corp.*, 1995 U.S. Dist. LEXIS 21520 (D.N.J. Dec. 13, 1995) (magistrate's interpretation of case management order not clearly erroneous or contrary to law where consistent with the course of dealings of the parties).

Moreover, defendants' reading of the Discovery Scheduling Order is simply wrong. Plaintiffs did not agree to limit the scope of plaintiffs' ¶ 7 document request to "*discrete* requests to address specific gaps identified after review" of defendants' initial document production of documents under ¶¶ 1 and 2, on the August 26, 2004 conference call or at any other time. On September 16, 2004, two days following this Court's issuance of the Discovery Scheduling Order, Defendants themselves acknowledged in a letter to the Court that the Discovery Scheduling Order "adopt[ed] plaintiffs' requested expansion of the discovery originally contemplated by the Court," requiring them to "search for and identify a potentially large volume of documents unrelated to the [Q3 2001 accounting adjustment]."

Defendants now fail to acknowledge, as they did in their September 16 letter, that this Court has adopted plaintiffs' discovery plan over defendants' inappropriate plan of "phased" and inordinately content-limited discovery. Indeed, plaintiffs first proposed a plan of discovery that would "provide[] for immediate production and identification of obviously relevant documents" to this Court on August 16, 2004, a full month prior to the issuance of the Discovery Scheduling Order, and it is this plan which survived the parties' negotiations. The Magistrate therefore correctly interpreted ¶¶ 1 and 2 of the Discovery Scheduling Order as a means for the parties require the parties to "get the 'ball rolling' on discovery in an orderly and efficient fashion," *i.e.* by encouraging defendants to produce the clearly relevant and important documents in the first instance. May 10 Order at 3. The Discovery Scheduling Order further contemplated that, following defendants' initial production, plaintiffs would have an opportunity under ¶ 7 to issue standard requests for documents "which constitute or contain matters within the scope of Rule 26(b)," as they are fully entitled to do under Fed. R. Civ. P. 34.

Notwithstanding defendants' intimations to the contrary, the May 10 Order is fully consistent with Fed. R. Civ. P. 26(b)(1) and the PSLRA. Under F.R.C.P. 26(b)(1),

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party....For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

*See also Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, S.A.*, 2004 U.S. Dist LEXIS 23581, *6 (S.D.N.Y. Nov. 19, 2004) ("[d]iscovery requests should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action."); *Haid v. WalMart Stores, Inc.*, 2001 U.S. Dist. LEXIS 15155, *6 (D. Kan. Jan. 11, 2001) (same). Defendants' objections fall well short of meeting this standard.

Nor did the PSLRA enact any modification to Rule 26(b)(1), or to any other discovery rule governing this dispute, that might call into question the correctness of the May 10 Order. *See In re MTI Technology Corp. Sec. Litig.*, 2002 U.S. Dist. LEXIS 13015 at *14-16 (C.D. Ca. June 13, 2002). Thus, given that Plaintiffs have already met the heightened pleading standards of the PSLRA, it is improper for defendants to request that this Court now review the sufficiency of the underlying bases of Plaintiffs' allegations again, as if they haven't already been sustained as proper subjects of discovery in this action.

**B. The Magistrate's Order Compelling Production of Document Request No. 16 Was Correct and Well-Reasoned**

Defendants also now fail to acknowledge that the parties' "heavily contested" and "significant" negotiations of ¶¶ 1 and 2 of the Discovery Scheduling Order resulted in this Court's adoption of the broader scope of "operational documents" requested by plaintiffs and reflected in the magistrate's order. The "operational documents" required by ¶ 2 of the Discovery Scheduling Order include documents concerning the operational effectiveness, suitability, and safety of the V-22 Aircraft, in addition to the operational documents utilized by defendants in their accounting for the V-22 program, the relevance of which defendants do not contest. Plaintiffs are entitled to these documents because plaintiffs and plaintiffs' experts will need to determine which documents defendants should have taken into account in their accounting for the V-22 program, such as documents relating to the problems with the Osprey product, but failed do so.

Plaintiffs' reading of ¶ 2 is beyond dispute, since, recognizing that defendants' accounting could not be properly analyzed without the underlying operational documents, this Court in its September 13, 2001 order specifically ordered defendants to produce all documents "relating to Textron's accounting for the V-22 program **(including operational documents)** during fiscal year 2000 and the first three quarters of fiscal 2001." September 13 Order at ¶ 2 (emphasis

supplied). The purpose of this parenthetical was specifically to include the documents that defendants now refuse to produce. Thus, the Magistrate correctly acknowledged that "[t]he 2001 accounting adjustment cannot be examined in an accounting vacuum." May 10 Order at 7. The Magistrate accordingly held that,

> [t]he percentage of completion accounting method utilized by Textron requires ongoing monitoring and review of progress on the contract 'in order to make accurate estimates of total contract cost, total contract revenues, and the extent of progress toward contract completion'[....]This accounting method necessarily involves an assessment of the operational status of the contract.

May 10 Order at 7 (*citing Rosen v. Textron, Inc.,* 321 F.Supp.2d 308, 314-15 (D.R.I. 2004)). Pursuant to the May 10 Order, plaintiffs have already served an amended request No. 16 "which targets and more particularly identifies the specific documents sought and/or the specific documents not sought (such as employee time cards.)"

**C. The Magistrate's Order Compelling Production of Document Request 18 Was Correct and Well Reasoned**

Defendants further protest that plaintiffs' document request No. 18 regarding full rate production contracts "was not evaluated in the proper context." Def. App. at 5. However, defendants knew that the language proposed by plaintiffs for ¶¶ 1 and 2 of the Discovery Scheduling Order contemplated production of documents relating to full rate production contracts well before this language was incorporated into ¶¶ 1 and 2. Plaintiffs' August 31, 2004 letter to this Court explicitly registered defendants' opposition to plaintiffs' broadening of the ¶¶ 1 and 2 to encompass "the V-22 program" rather than solely the V-22 EMD contract, and set forth defendants' proposed language imposing such a limitation. Because the MTD Order required such a result, defendants' proposed language was excluded, and plaintiffs' language was incorporated into the Discovery Scheduling Order verbatim. Thus, the Magistrate correctly

acknowledged that the MTD Order "did not isolate Plaintiffs' claims, at least at this stage of the litigation, to the EMD contract." May 10 Order at 8. The Magistrate reasoned that

> Judge Smith held that 'the alleged fraud involves the impact that delays in reaching full-rate production on Textron's accounting for its existing contracts. He also did not resolve at this stage the factual question as to '[w]hether the required accounting adjustments related only to development contracts or to full-rate production (or both).'

May 10 Order at 8 (*citing Rosen*, 321 F.Supp.2d at 324). Documents concerning full rate production are relevant here because the V-22 EMD contract, by design, anticipated a subsequent V-22 full rate production contract. Given this design, documents concerning a hypothetical V-22 full rate production contract will necessarily relate to the accounting for the EMD, as well as for all other existing V-22 contracts.

### D. The Magistrate's Order Compelling Production of Document Request 21 Was Correct and Well Reasoned

Defendants next contend that plaintiffs' document request No. 21 "is wildly overbroad because none of the alleged [government] investigations concern accounting for the V-22," and because "it compels production of documents that do not even relate to the V-22." These contentions are without merit. Plaintiffs are plainly entitled to documents concerning relevant government investigations so that they may determine whether Textron was put on notice as to operational problems or difficulties with the V-22 program, and how such notice would affect Textron's accounting for that program. The Magistrate acknowledges this obvious point in his observation in the May 10 Order that "internal documents evidencing Defendants' reaction to, or awareness of, such government findings, and documents from Defendants to the Government regarding such findings are relevant." May 10 Order at 8.

Perhaps defendants' most telling misstatement in their appeal is their contention that "[u]nder Rule 26(b)(1) of the Federal Rules of Civil Procedure, the burden was on Plaintiffs to

establish the relevance of the documents." Def. App. at 7. Defendants have it backwards, and their improper efforts to condition their production of relevant documents upon plaintiffs' ability to identify every specific document they seek and to ensure that not a single potentially non-relevant document is included, reflects this misconception. In fact,

> [t]he party resisting production bears the burden of establishing lack of relevancy or undue burden[....] The party must demonstrate to the court 'that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed.R.Civ.P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure[. . . .]'

*Gutierrez v. Johnson & Johnson, Inc.*, 2002 U.S. Dist. LEXIS 15418, *10 (D.N.J. Aug. 15 2002). The magistrate correctly ruled that Defendant has failed to meet this burden. Defendants' appeal should accordingly be denied.

## II. DEFENDANTS ARE NOT ENTITLED TO A STAY PENDING APPEAL

Defendants also move for a stay of Magistrate's May 10 Order compelling production of documents pending resolution of defendants' appeal. Plaintiffs acknowledge that production of the documents would moot defendants' appeal. Nevertheless, because the Magistrate's decision was well-reasoned and correct, and in the interest of efficient administration of discovery in this litigation, plaintiffs further add that such a stay would be inappropriate and should be denied.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that defendants' appeal from the May 10 Order of the Magistrate be denied, and that defendants' motion for a stay pending appeal of the May 10 Order be denied.

Respectfully submitted,

Law Offices of William M. Kolb, LLC

By: William M. Kolb

William Kolb, Esq. #3664
1 Ship Street
Providence, Rhode Island 02903
(401) 490-8297
(401) 490-8299 (fax)

***Plaintiff's' Local Counsel***

Ira M. Press, Esq
Mark A. Strauss, Esq.
KIRBY MCINERNEY & SQUIRE, LLP
830 Third Avenue, 10th Floor
New York, New York 10022
(212) 371-6600

Michael I. Behn, Esq.
FUTTERMAN & HOWARD, CHTD.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
(312) 427-3600

***Plaintiffs' Co-Lead Counsel***

David J. Bershad, Esq.
Kirk A. Chapman, Esq.
MILBERG WEISS BERSHAD
& SCHULMAN LLP
One Pennsylvania Plaza
New York, New York 10119-0165
(212) 594-5300

***Plaintiffs' Counsel***

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June, 2005, a true and accurate copy of PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO DEFENDANTS' APPEAL OF THE MAY 10 ORDER OF THE MAGISTRATE AND TO DEFENDANTS' MOTION FOR A STAY PENDING RESOLUTION OF THE MAY 10 APPEAL were served by first class mail, postage prepaid, upon the following:

John A. Tarantino, Esq.
Paul V. Curcio, Esq.
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Anthony J. Jahajan, Esq.
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166

______________________________