UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOEL ROSEN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>TEXTRON, INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, and THEODORE R. FRENCH,<br><br>        Defendants. | C.A. No. 02-190-S |
| LESLIE TURBOWITZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>TEXTRON, INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, and THEODORE R. FRENCH,<br><br>        Defendants. | C.A. No. 02-264-S |

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

In a prior decision, this Court certified William Swartchild III ("Swartchild") and three benefit funds for the International Brotherhood of Teamsters Local 710 (Local 710 Pension Fund, Local 710 Employees' Pension Fund, and Local 710 Health & Welfare Fund (collectively, "Local 710," and together with Swartchild, "Plaintiffs")), as class representatives for the above-captioned

action. Rosen v. Textron, Inc., C.A. Nos. 02-190-S, 02-264-S, 2005 WL 1120294 (D.R.I. May 11, 2005).[1] Now before this Court is a Motion for Reconsideration and Clarification of the Class Certification Order, filed by Textron, Inc. ("Textron"), Lewis B. Campbell, John A. Janitz, and Theodore R. French (collectively, "Defendants"). For the reasons set forth below, the Court denies Defendants' Motion.

In opposing Plaintiffs' bid to become class representatives, Defendants argued Local 710 could not serve as a class representative because it would be subject to unique defenses at trial. See id. at *3 ("[W]here it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or a small subclass, then the named plaintiff is not a proper class representative.") (quoting Epstein v. Am. Reserve Corp., No. 79 C 4767, 1988 WL 40500, at *3 (N.D. Ill. Apr. 21, 1988)). This Court concluded, however, that none of the alleged defenses were so unique as to make Local 710 atypical of the class of investors Local 710 sought represent. See id. at *2 ("class certification is permissible where . . . 'the claims or defenses of the representative parties are typical of the claims or defenses of the the class'") (quoting Fed. R. Civ. P. 23(a)).

---

[1] The decision discusses the deposition testimony of James Gerald McCluskey, Co-Chief Investment Officer of Bear Stearns Asset Management Inc. Unfortunately, the decision refers to him throughout as "McClusky."

2

Defendants now argue that this Court impermissibly reached the merits of the case in reaching its conclusion.[2]

Defendants' argument is flawed. This Court had to decide whether Local 710 is subject to unique defenses "which threaten to become the focus of the litigation." Hallet v. Li & Fung, Ltd., No. 95 Civ. 8917(JSM), 1997 WL 621111, at *3 (S.D.N.Y. Oct. 6, 1997) (quoting Landy v. Price Waterhouse, 123 F.R.D. 474, 476 (S.D.N.Y. 1989)). It would not have been appropriate for this Court to disqualify Local 710 as class representative "based upon any groundless, far-fetched defense that the defendant manages to articulate." Id.; see also id. ("Otherwise, no class action could ever be certified."). The Court examined the allegedly unique defenses only to the extent necessary to allow it to make this determination.

Defendants also seek clarification as to the significance of the Court's reference to Plaintiffs' allegations regarding Defendants' 280 H-1 Attack Helicopter program and the Omniquip acquisition. See Rosen, 2005 WL 1120294, at *2. The Court's reference to these allegations merely set forth the allegations in Plaintiffs' Complaint. It did not in any way alter this Court's previous ruling that Plaintiffs failed to state a claim as to these

---

[2] Defendants do not challenge the Court's conclusion that Swartchild could serve as a class representative.

3

allegations. See Rosen v. Textron, Inc., 321 F. Supp. 2d 308, 325-26 (D.R.I. 2004).

For the foregoing reasons, this Court hereby ORDERS that Defendants' Motion for Reconsideration and Clarification of the Class Certification Order be DENIED.

IT IS SO ORDERED.

/s/ WmSm

William E. Smith
United States District Judge
Dated: 6/23/05