UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOEL ROSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEXTRON INC., LEWIS B. CAMPBELL, JOHN A. JANITZ and THEODORE R. FRENCH,<br><br>Defendants. | : | C.A. 02-190S |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR ENTRY OF PRIVACY ACT PROTECTIVE ORDER**

Defendants hereby object to plaintiffs' Motion For Entry of Privacy Act Protective Order. As set forth in the accompanying memorandum of law, plaintiffs are seeking entry of a protective order that sanctions the production of documents outside the parameters of discovery established by this Court.

Dated: Providence, Rhode Island
July 1, 2005

Respectfully submitted,

ADLER POLLOCK & SHEEHAN P.C.

By: ______________________

John A. Tarantino (#2586)
Paul V. Curcio (#1965)
Kristen W. Sherman (#5595)

One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (Pro Hac Vice)
Aric H. Wu (Pro Hac Vice)
Anthony J. Mahajan (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of July, 2005, I caused a true copy of the within to be served by first-class mail, postage prepaid, to:

*Counsel for Lead Plaintiffs*:

William M. Kolb, Esq.
Law Offices of William M. Kolb, LLC
1 Ship Street
Providence, RI 02903

Michael Behn, Esq.
Futterman & Howard, Chtd.
122 South Michigan Ave., Suite 1850
Chicago, IL 60603

Ira M. Press, Esq.
Kirby, McInerney & Squire, LLP
830 Third Avenue, 10th Floor
New York, NY 10022

*Co-Counsel for Defendants*:

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Anthony J. Mahajan, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166

April M Fontaine

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOEL ROSEN, individually and on behalf of all others similarly situated, | : | |
| Plaintiffs, | : | C.A. 02-190S |
| v. | : | |
| TEXTRON INC., LEWIS B. CAMPBELL, JOHN A. JANITZ and THEODORE R. FRENCH, | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR ENTRY OF PRIVACY ACT PROTECTIVE ORDER**

ADLER POLLOCK & SHEEHAN P.C.
John A. Tarantino (#2586)
Paul V. Curcio (#1956)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
(401) 274-7200

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (Pro Hac Vice)
Aric H. Wu (Pro Hac Vice)
Anthony J. Mahajan (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
(212) 351-4000

Attorneys for Defendants

July 1, 2005

Defendants Textron Inc., Lewis B. Campbell, John A. Janitz and Theodore R. French respectfully submit this memorandum of law in opposition to plaintiffs' Motion for Entry of Privacy Act Protective Order.

## INTRODUCTION

Plaintiffs seek a protective order for "all official information and documents produced by the Department of Defense/Department of Defense Special Agents pursuant to the plaintiffs' request of September 21, 2004." Plaintiffs' Motion and Memorandum in Support for Entry of Privacy Act Protective Order, dated June 17, 2005 ("Ps' Br."), Ex. A, at 1. However, plaintiffs have never provided to either defendants or this Court a copy of their September 21, 2004 request to the Department of Defense ("DoD"). Instead, plaintiffs simply give a description of the request in their motion papers. But even that mere description confirms that plaintiffs are improperly seeking a protective order to obtain documents that this Court already has ruled are not relevant to their remaining claim. Defendants do not oppose the entry of a protective order for documents relevant to plaintiffs' remaining claim. However, defendants do oppose plaintiffs' continuing efforts to obtain extraneous documents. This case is not young and defendants are entitled to a resolution. After more than three years of litigation, it is time put an end to plaintiffs' fishing expeditions, take the first deposition, and move to resolution.[1]

---

1 The original fact discovery cut-off date of June 15, 2005 established by this Court already has passed and plaintiffs have not taken any depositions. Moreover, the extended fact discovery cut-off date of September 15, 2005 is just ten weeks away and plaintiffs have only noticed one non-party deposition.

## BACKGROUND FACTS

### A. On September 21, 2004, Plaintiffs Serve A "Touhy" Request To The DoD

According to plaintiffs' motion papers, on September 21, 2004, plaintiffs served the DoD with what is sometimes referred to as a "Touhy" request. *See* 32 C.F.R. § 97.1 *et seq.*; *United States ex rel. Touhy v. Regan*, 340 U.S. 462 (1951). Though in June 2004 this Court had dismissed all of plaintiffs' claims except for their V-22 claim, plaintiffs admit that they did not limit their September 2004 "Touhy" request to documents relating to the V-22. *See* Ps' Br. at 2. Plaintiffs did not notify defendants of their "Touhy" request to the DoD.

### B. On March 28, 2005, Plaintiffs Serve A Subpoena Upon The DoD

Though the "DoD requested that plaintiffs not issue a subpoena" (Ps' Br. at 2 n.1), plaintiffs nonetheless issued a subpoena to the DoD on March 28, 2005. *See* Exhibit 1 to Defendants' Appendix, dated July 1, 2005 ("DA"). Plaintiffs provided defendants a copy of that subpoena, but again did not disclose their September 21, 2004 "Touhy" request to the DoD. Defendants notified plaintiffs and the DoD about their objections to plaintiffs' subpoena. *See* DA Ex. 1. Plaintiffs never followed up on defendants' objections to the subpoena, apparently opting instead to pursue documents from the DoD through their undisclosed "Touhy" request.

### C. On June 17, 2005, Plaintiffs Reveal For The First Time Their September 21, 2004 "Touhy" Request To The DoD

On June 17, 2005, plaintiffs filed their Motion for Entry of Privacy Act Protective Order and revealed for the first time that, nine months earlier, they had served a "Touhy" request to the DoD. As described in plaintiffs' motion papers, plaintiffs' "Touhy" request contravenes the parameters for discovery established by the Court. For example, plaintiffs erroneously claim that "Magistrate Judge Almond granted plaintiffs' motion to compel production from defendants of

'all documents concerning any governmental investigation . . . concerning the V-22 Program.'" Ps' Br. at 1-2. In fact, Magistrate Judge Almond barred plaintiffs from seeking any documents relating to the Marine Corps falsification scandal: "Plaintiffs have not, however, made a convincing showing as to the relevance of such documents concerning the so-called 'falsification scandal' since there is no allegation that it involved Defendants, or any Textron employees for that matter." Memorandum and Order, dated May 10, 2005 (the "May 10 Order"), at 8-9. Yet, with their motion, plaintiffs seek this Court's imprimatur to expedite the production of documents from the DoD relating to the Marine Corps falsification scandal. Additionally, the time period for plaintiffs' "Touhy" request is overbroad. On September 13, 2004, this Court limited the relevant period for document discovery to "fiscal year 2000 and the first three quarters of 2001." Discovery Scheduling Order, dated September 13, 2004, ¶ 2. Yet, just one week later, plaintiffs issued their "Touhy" request to the DoD with no apparent time limitation. *See* Ps' Br. at 2, Ex. A.

## ARGUMENT

### I. Plaintiffs Are Not Entitled To A Protective Order To Obtain Documents Not Relevant To Their Remaining Claim

The DoD regulations pursuant to which plaintiffs made their "Touhy" request do not permit a litigant to obtain from the DoD documents which the requesting party is not otherwise entitled to obtain pursuant to Rule 34 of the Federal Rules of Civil Procedure. Indeed, the factors that must be considered under 32 C.F.R. § 97.6(b) include "whether the request or demand is unduly burdensome or otherwise inappropriate under the applicable court rules," and "whether the disclosure . . . is appropriate under the rules of procedure governing the case or matter in which the request or demand arose."

Plaintiffs' request, which seeks documents that the Court already has ruled are not relevant to this litigation, is "unduly burdensome or otherwise inappropriate under the applicable court rules." 32 C.F.R. § 97.6(b)(1). For example, the Court has ruled that plaintiffs may not obtain documents relating to the Marine Corps falsification scandal because those documents have no relevance to plaintiffs' claims. May 10 Order at 8.[2]

Plaintiffs also have failed to limit their "Touhy" request to the relevant time period for discovery established by this Court. Disregarding the Court's Discovery Scheduling Order, plaintiffs issued a "Touhy" request to the DoD that apparently contains no time limitation whatsoever. *See* Ps' Br. at 2. Thus, plaintiffs' request was not "appropriate under the rules of procedure governing the case" (32 C.F.R. § 97.6(b)(2)), and should not now be sanctioned through the entry of a protective order to facilitate production of documents outside the relevant time period.[3]

Moreover, to the extent that Magistrate Judge Almond granted plaintiffs discovery of certain documents relating to DoD investigations, Magistrate Judge Almond limited discovery to "*internal* documents evidencing Defendants' reaction to, or awareness of, such Government

---

2 In addition, plaintiffs concede in their motion papers that they sought with their "Touhy" request documents relating to Textron and Bell, irrespective of whether or not the documents related to the V-22. *See* Ps' Br. at 2. While plaintiffs state that their request was subsequently narrowed to documents concerning the V-22, plaintiffs had no basis for making any such request in the first place. Indeed, by September 21, 2004, the date of plaintiffs' request, this Court already had dismissed all aspects of plaintiffs' case aside from their V-22 claim.

3 It is axiomatic that the scope of discovery as to a non-party, like the DoD, cannot be broader than the scope of discovery as to a party. *See, e.g.*, *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). In fact, it is well-established that the "standards for nonparty discovery . . . require a *stronger* showing of relevance than for simple party discovery." *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) (emphasis added).

findings, and documents from Defendants to the Government regarding such findings." May 10 Order at 8 (emphasis added). Indeed, as Magistrate Judge Almond found, only defendants' *internal* documents would have any relationship as to "what Defendants knew and when they knew it." *Id.* DoD documents that were never conveyed to defendants have no bearing on "what Defendants knew and when they knew it."

In sum, with their long-concealed "Touhy" request, plaintiffs have unilaterally sought to obtain documents outside the parameters of discovery established by this Court. Plaintiffs now ask this Court to sanction their efforts and take this case on yet another detour from prompt resolution. Plaintiffs are not entitled to entry of a protective order in aid of their fishing expedition. Rather, any protective order should be tailored to correspond with the scope of discovery set forth in this Court's Discovery Scheduling Order and other discovery orders. Plaintiffs' proposed protective order is not so tailored.

**CONCLUSION**

For all of these reasons, defendants respectfully request that this Court deny plaintiffs' motion for entry of a protective order that sanctions the production of documents sought by plaintiffs in their September 21, 2004 "Touhy" request. As described above, plaintiffs' "Touhy" request seeks documents outside the parameters of discovery established by this Court.

Dated: Providence, Rhode Island
July 1, 2005

Respectfully submitted,

ADLER POLLOCK & SHEEHAN P.C.

By: ______________________
John A. Tarantino (#2586)
Paul V. Curcio (#1965)
Kristen W. Sherman (#5595)

One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (Pro Hac Vice)
Aric H. Wu (Pro Hac Vice)
Anthony J. Mahajan (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of July, 2005, I caused a true copy of the within to be served by first-class mail, postage prepaid, to:

*Counsel for Lead Plaintiffs*:

William M. Kolb, Esq.
Law Offices of William M. Kolb, LLC
1 Ship Street
Providence, RI 02903

Michael Behn, Esq.
Futterman & Howard, Chtd.
122 South Michigan Ave., Suite 1850
Chicago, IL 60603

Ira M. Press, Esq.
Kirby, McInerney & Squire, LLP
830 Third Avenue, 10th Floor
New York, NY 10022

*Co-Counsel for Defendants*:

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Anthony J. Mahajan, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166

April M Fontaine

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOEL ROSEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TEXTRON INC., LEWIS B. CAMPBELL, JOHN A. JANITZ and THEODORE R. FRENCH,

Defendants.

C.A. 02-190S

# DEFENDANTS' APPENDIX OF EXHIBITS

ADLER POLLOCK & SHEEHAN P.C.
John A. Tarantino (#2586)
Paul V. Curcio (#1956)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
(401) 274-7200

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (Pro Hac Vice)
Aric H. Wu (Pro Hac Vice)
Anthony J. Mahajan (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
(212) 351-4000

Attorneys for Defendants

July 1, 2005

# INDEX

| Tab | Document | Date |
|---|---|---|
| 1 | Letter and Subpoena to the Department of Defense | 4/19/05 |

GIBSON, DUNN & CRUTCHER LLP
LAWYERS
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com

amahajan@gibsondunn.com

April 19, 2005

Direct Dial
(212) 351-2315
Fax No.
(212) 351-4035

Client No.
C 90016-00278

**VIA FIRST CLASS MAIL**

John Sullivan, Esq.
Deputy General Counsel
U.S. Department of Defense
1600 Defense Pentagon
Washington, D.C. 20301

Re: *Rosen v. Textron, Inc., C.A. 02-190S (D.R.I.)*

Dear Mr. Sullivan:

We represent defendants in the above-referenced action and write regarding plaintiffs' subpoena to the Department of Defense ("DOD"), dated March 28, 2005. A copy of plaintiffs' subpoena is enclosed for your reference. We are copying plaintiffs' counsel on this letter.

By way of background, in or about April 2002, plaintiffs commenced a securities class action suit. Plaintiffs sought to pursue a variety of claims against Textron and certain of its officers. In an order dated June 15, 2004, however, the Court dismissed, at the pleading stage, nearly all of plaintiffs' claims. The plaintiffs' only remaining claim concerns the timing of an accounting adjustment on the V-22 program that was taken by Textron's subsidiary, Bell Helicopter, in the third quarter of 2001. Accordingly, discovery in this action has been limited to the accounting for the V-22 during 2000 and the first three quarters of 2001. *See also* Fed. R. Civ. P. 26(b)(1) (limiting discovery to remaining claims and defenses).

Plaintiffs' subpoena to the DOD is not appropriately limited to their remaining V-22 claim. For example, plaintiffs' demand for all communications with "the Department of Defense Panel to Review the V-22 Program" has no time limitations

GIBSON, DUNN & CRUTCHER LLP



whatsoever. Plaintiffs' Subpoena Demand No. 3. And, with subpoena demand no. 4, plaintiffs seek "Selected Acquisition Reports for the V-22 Program, for the period from 1999 to 2002."

As plaintiffs are well aware, the Court already has limited discovery in this action to documents concerning "fiscal year 2000 and the first three quarters of 2001." Discovery Scheduling Order, dated September 13, 2004, ¶ 2. Accordingly, plaintiffs are not entitled to documents relating to any fiscal periods prior to January 2000 or any fiscal periods subsequent to September 2001.

Moreover, as plaintiffs are also well aware, the parties are currently engaged in motion practice over many of the same documents sought by plaintiffs from the DOD, including the documents sought by plaintiffs in subpoena demand nos. 1, 2 & 3. It is axiomatic that the scope of discovery as to a non-party, like the DOD, cannot be broader than the scope of discovery as to a party. *See, e.g.*, *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). In fact, it is well-established that the "standards for nonparty discovery . . . require a *stronger* showing of relevance than for simple party discovery." *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) (emphasis added).

If plaintiffs are not entitled to these documents from defendants, then they also are not entitled to them from the DOD. Thus, any response by the DOD to these subpoena demands should await the Court's determination on whether these documents are properly discoverable.

Should you have any questions, please do not hesitate to contact me. Our hope is that all parties can avoid motion practice, and we ask that you kindly let us know if there are any issues with the foregoing. If necessary, we will file motion papers with the Court to prevent unnecessary and burdensome discovery upon the DOD and preserve defendants' rights.

Finally, to the extent that the DOD makes available to plaintiffs any documents for inspection or copying, we respectfully request that defendants also be permitted to inspect or copy those documents at the same times and places made available to plaintiffs.

Very truly yours,

Anthony J. Mahajan

Encl.

GIBSON, DUNN & CRUTCHER LLP



cc: Michael Behn, Esq. (via mail w/o enclosure)
Ira Press, Esq. (via mail w/o enclosure)
William Kolb, Esq. (via mail w/o enclosure)
John Tarantino, Esq. and Paul Curcio, Esq. (via mail w/o enclosure)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

## DISTRICT OF RHODE ISLAND

SUBPOENA IN A CIVIL CASE

JOEL ROSEN, individually and on behalf of all others similarly situated,

V.

TEXTRON INC., et al.

CASE NUMBER:[1]
C.A. No. 02-190S

TO: U.S. Department of Defense
c/o John Sullivan, Esq.
Deputy General Counsel
1600 Defense Pentagon
Washington, DC 20301

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER.

| PLACE Office of the United States Attorney, Fleet Center, 50 Kennedy Plaza 8th Floor, Providence, RI 02903 | DATE AND TIME Friday, April 22, 2005 at 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) Plaintiff | Date March 28, 2005 |
|---|---|

Issuing Officer's Name, Address, and Phone Number

Michael I. Behn
Futterman & Howard, Chtd.
122 S. Michigan Ave., Suite 1850
Chicago, IL 60603
(312) 427-3600

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

**Rider**

1. All documents concerning communications about the V-22 program relating to the period from January 1, 2000 to September 31, 2001 between or among: (1) the Office of the Secretary of Defense, Operational Test and Evaluation Directorate (formerly directed by Philip E. Coyle); (2) Textron, Inc. (including Bell Helicopter, and any officers, employees, agents or representatives of Textron or Bell); and (3) The Boeing Company (including any officers, employees, agents or representatives).

2. All documents concerning communications about the V-22 program relating to the period from January 1, 2000 to September 31, 2001 between or among: (1) the Office of the Under Secretary of Defense for Acquisition, Technology and Logistics (formerly Edward C. "Pete" Aldridge); (2) Textron, Inc. (including Bell Helicopter, and any officers, employees, agents or representatives of Textron or Bell); and (3) The Boeing Company (including any officers, employees, agents or representatives).

3. All documents concerning communications between or among: (1) the Department of Defense Panel to Review the V-22 Program; (2) Textron, Inc. (including Bell Helicopter, and any officers, employees, agents or representatives of Textron or Bell); and (3) The Boeing Company (including any officers, employees, agents or representatives).

4. All Selected Acquisition Reports for the V-22 Program, for the period from 1999 to 2002, including any exception reports.

**PLEASE NOTE:** This subpoena call for all documents, whenever created, that relate to the specified time periods.