UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOEL ROSEN, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>            vs.<br><br>TEXTRON, INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, and THEODORE R. FRENCH,<br><br>            Defendants. | C.A. No. 02-190-S |
| LESLIE TURBOWITZ, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>            vs.<br><br>TEXTRON, INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, and THEODORE R. FRENCH,<br><br>            Defendants. | C.A. No. 02-264-S |

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Three separate orders relating to discovery in this case were issued by Magistrate Judge Almond in the month of May 2005. See Rosen v. Textron, C.A. No. 02-190S (D.R.I. May 13, 2005) (granting, in part, Plaintiffs' Motion to Amend Discovery Schedule, and denying, without prejudice, Defendants' Cross-motion to Close the Pleadings); Rosen v. Textron, C.A. No. 02-190S (D.R.I. May 10,

2005) (granting in part and denying in part Plaintiffs' Motion to Compel Production of Documents); <u>Rosen v. Textron</u>, C.A. No. 02-190S (D.R.I. May 4, 2005) (granting Plaintiffs' Motion to Compel Production of Unredacted Documents). Defendants now appeal these orders and request a stay pending appeal of the May 10 order.[1]

The Magistrate Judge's rulings here can only be overturned by this Court where they are clearly erroneous or contrary to law. <u>See</u> 28 U.S.C. § 636(b)(1)(A). Following a thorough review of the three orders, this Court concludes they are neither clearly erroneous nor contrary to the law, and are consistent with this Court's Discovery Scheduling Order. Accordingly, this Court AFFIRMS the orders of May 4, 10, and 13, and DENIES Defendants' motion for stay.

IT IS SO ORDERED.

_____
William E. Smith
United States District Judge
Dated:  7/11/05

---

[1] Plaintiffs also filed a Motion for Limited Reconsideration of the May 10 order. Contemporaneously, Plaintiffs filed Limited Objections to Magistrate Judge's Order of May 10, 2005, stating that "Plaintiffs are filing this objection primarily to obviate any issue concerning the timeliness of an appeal from Magistrate Judge's order, in the event that such an appeal is warranted following a ruling on the motion for reconsideration." (<u>Id.</u> at 2.) There is nothing for the Court to rule on as to these filings in this Order. Judge Almond will address the Motion for Reconsideration and any subsequent appeal therefrom will be dealt with by this Court when and if it arises.