UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOEL ROSEN, et al.          :
                            :
v.                          :        C.A. No. 02-190S
                            :
TEXTRON, INC., et al.       :

**MEMORANDUM AND ORDER**

Before this Court is Plaintiffs' Motion for Limited Reconsideration (Document No. 112) of this Court's Order of May 10, 2005 (Document No. 104) which granted in part and denied in part Plaintiffs' Motion to Compel Production of Documents. In particular, Plaintiffs' Motion to Compel was granted all or in significant part as to nine of the thirteen requests for production in dispute. Further, earlier on May 4, 2005, Plaintiffs' Motion to Compel Production of Unredacted Documents was granted by this Court in full. (Document No. 101).

Plaintiffs' Motion for Reconsideration relates to Requests Nos. 20 (Governmental Investigations) and 25 (Systems Information). Defendants object to the Motion. Although the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, they have been entertained to correct manifest errors of law or fact, to allow for the presentation of newly discovered evidence, or when there has been an intervening change in applicable law. Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 322-23 (D.P.R. 2005) (citations omitted). Such motions may not, however, be used to rehash and relitigate matters already decided. Id. As to Request No. 20, Plaintiffs offer nothing new and thus are impermissibly seeking to rehash and relitigate a matter already decided by this Court. If Plaintiffs object to this Court's prior Order as

to Request No. 20, they may exercise their right to appeal it to Judge Smith.  See 28 U.S.C. § 636(b)(1)(A).

As to Request No. 25, Plaintiffs attempt to offer something new.  Plaintiffs contend that they recently received "new evidence" in the form of two Government documents calling into question the adequacy of Defendants' cost and schedule monitoring system.  Plaintiffs argue that they had no reason to doubt the adequacy of Defendants' system when the Complaint was drafted and thus they initially alleged that Defendants had "accurate information" that was not reflected in financial reports to the public.  See Compl. ¶ 129(a).  In fact, in their original Motion to Compel as to Request No. 25, Plaintiffs asserted that Defendants had access to "accurate cost information" from their internal reporting systems but ignored it.  (See Document No. 76 at p. 18).  Although Plaintiffs contend that an amendment to the Complaint is not necessary to raise these new allegations that the system may have produced inaccurate data, they recognize that a motion to amend the Complaint may be required and note that they will do so if "necessary."

Plaintiffs' argument smacks of a fishing expedition.  Under Fed. R. Civ. P. 26(b)(1), the parameters of discovery are governed by relevance to a claim or defense of any party.  A party's claims or defenses are defined by the pleadings (complaint, answer, counterclaims, etc.).  If a party's claims or defenses for purposes of Fed. R. Civ. P. 26(b)(1) could be unilaterally expanded or otherwise altered during the discovery process, the result would be chaos.  While this Court offers no opinion as to whether Plaintiffs should move to amend or be allowed to amend based on this claimed "new" evidence, this Court denied Plaintiffs' Motion to Compel based on the arguments presented and the state of the pleadings at that time.  In the original Motion to Compel, Plaintiffs asserted that they needed to be able to "compare" the information available from Defendants'

systems with what Defendants were "telling the investing public." (See Document No. 76 at p. 20). Since Defendants made an undisputed assertion that Plaintiffs had already received the information produced by these systems, this Court agreed with Defendants that Plaintiffs had no need for discovery regarding the systems themselves. This Court sees no basis in Plaintiffs' Motion for it to reconsider and reverse its prior decision denying Plaintiffs' Motion to Compel as to Request No. 25. Again, if Plaintiffs object to this Court's prior Order as to Request No. 25, they may exercise their right to appeal it to Judge Smith. See 28 U.S.C. § 636(b)(1)(A).

For the reasons stated above, Plaintiffs' Motion for Limited Reconsideration (Document No. 112) is DENIED.

/s/ Lincoln D. Almond
Lincoln D. Almond
United States Magistrate Judge
July 20, 2005