UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOEL ROSEN, et al.                       :
                                         :
        v.                               :        C.A. No. 02-190S
                                         :
TEXTRON, INC., et al.                    :

## MEMORANDUM AND ORDER

Before this Court is Plaintiffs' Motion For Entry of Privacy Act Protective Order. (Document No. 127). Defendant filed an Objection. (Document No. 132). This Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); Local Rule 32(b). The Court has determined that no hearing is necessary. As set forth below, Plaintiffs' Motion is GRANTED, with modification.

This is a consolidated securities fraud class action brought by and on behalf of purchasers of Textron, Inc. ("Textron") common stock between October 19, 2000 and September 26, 2001 (the "Class Period"). On September 14, 2004, Judge Smith issued a Discovery Scheduling Order in this case that required the parties to produce certain documents immediately, and set deadlines for further document discovery. Following Judge Smith's Discovery Scheduling Order, the parties commenced discovery and sought the Court's review of several discovery disputes. On May 10, 2005, this Court issued a Memorandum and Order resolving the parties' disputes concerning several document requests. (Document No. 104).

The present dispute also concerns document requests, however, this time the requests are directed to the Department of Defense ("DOD"), a non-party that was apparently served with a document request in September 2004 and then with a subpoena in March 2005. According to Plaintiffs, DOD has agreed to produce the requested documents but asked Plaintiffs to obtain a

Privacy Act protective order covering the production of those documents. Defendants object to Plaintiffs' Motion for Entry of a Privacy Act Protective Order, arguing that Plaintiffs' requests to the DOD do not comply with the Court's previous rulings and/or with the applicable discovery standards contained in the Federal Rules of Civil Procedure.

As a preliminary issue, it is unclear whether Defendants have standing to object to the non-party subpoena to DOD. It is axiomatic that one only has standing to assert claims on its own behalf. See, e.g., Warth v. Seldin, 422 U.S. 490, 499 (1975) (stating that a litigant, "cannot rest his claim to relief on the legal rights or interests of third parties"). Further, "[a] party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege or a proprietary interest in the subpoenaed matter." U.S. v. Nachamie, 91 F. Supp. 2d 552, 558 (S.D.N.Y. 2000). Defendants state that they "do not oppose the entry of a protective order for documents relevant to plaintiffs' remaining claim," but that the purpose of their objection is to prevent the discovery of "extraneous documents." See Defs.' Mem. In Opp. at 1. It appears, therefore, that Defendants do not have standing to object to the Motion seeking entry of a protective order. They have not asserted any privilege or proprietary interest in the documents sought. Nevertheless, Defendants' Objection raises valid considerations which the Court would consider *sua sponte* in any event. Therefore, the Court will factor Defendants' Objection in its analysis.

The substance of the Motion before the Court is straightforward. Plaintiffs seek documents from DOD, and DOD requires a Protective Order under the Privacy Act, 5 U.S.C. §552a, prior to producing those documents. The Privacy Act "delineat[es] the duties and responsibilities of federal agencies that collect, store, and disseminate personal information about many individuals." Ely v. Dep't of Justice, 610 F. Supp. 942, 945 (N.D. Ill. 1985). Although the Privacy Act protects disclosure

of certain confidential information, it does not bar discovery otherwise permitted under the Federal Rules. "[A] party can invoke discovery of materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, and the test of discoverability is the relevance standard of Rule 26(b)(1) of the FRCP." Laxalt v. McClatchy, 809 F.2d 885, 889 (D.C. Cir. 1987). Rule 26(b)(1), Fed. R. Civ. P., provides, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party....Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

When applying this broad standard of relevance, the Court finds that Plaintiffs are entitled to a Privacy Act protective order for certain documents requested from the DOD. Plaintiffs apparently made two discovery requests of the DOD. The first request, a September 21, 2004 "Touhy" request, was not provided to the Court, therefore the Court is unable to evaluate whether it is appropriately tailored to the parameters of discovery in this case. The second request, a subpoena issued March 28, 2005, contains a Rider listing the requested documents, and was submitted to the Court as an exhibit to Defendants' Objection. The Court finds that the documents requested in the March 28, 2005 subpoena are appropriately tailored to this Court's previous discovery orders and the Federal Rules, with the one exception that there does not appear to be a durational limitation. The Court will therefore GRANT Plaintiffs' request for a Privacy Act Protective Order with respect to all document requests contained in the Rider, with the added restriction that the relevant date period for all requests be limited to January 1, 2000 through September 30, 2001.

For the reasons discussed above, Plaintiffs' Motion for Entry of Privacy Act Protective Order (Document No. 127) is GRANTED, with the modification that the document requests and any

-3-

responses thereto be limited to the time period from January 1, 2000 through September 30, 2001.

Within fourteen (14) days of the date of this Order, Plaintiffs shall submit a proposed Privacy Act

Protective Order to the Court for its review which specifically lists the documents requested and

includes the date restriction noted above.

LINCOLN D. ALMOND
United States Magistrate Judge
July 20, 2005

-4-