UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOEL ROSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TEXTRON, INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH, and TERRY D. STINSON,<br><br>Defendants. | Civil Action No. 02-190S |
| LESLIE TURBOWITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TEXTRON, INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH, and TERRY D. STINSON,<br><br>Defendants. | Civil Action No. 02-264S |

**PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF AMENDING THE DISCOVERY SCHEDULE**

Class representatives International Brotherhood of Teamsters Local 710 Pension Fund, Local 710 Health and Welfare Fund, Local 710 Employees' Pension Fund, and William Swartchild III (collectively, "plaintiffs"), respectfully move to (1) amend the Discovery Scheduling Order entered on May 13, 2005 ("Scheduling Order"), to extend the fact discovery period until March 15, 2006; and, (2) to clarify the number of depositions of current and former Textron employees to which plaintiffs are entitled. In accordance with Local Rule 12(a)(1), plaintiffs are not filing a

separate memorandum of law, but state as follows in support of their motion:

## I. BACKGROUND

Discovery was stayed in this action until September 2004, under the provisions of the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4. The September 13, 2004, Scheduling Order contemplated the completion of document discovery by March 15, 2005, followed by a three-month period for the parties to take up to twenty-one depositions. (*See* Ex. A, Sep. 13, 2004, Order, at ¶¶1-2.) The Scheduling Order provided that "[i]n the event that plaintiffs believe there is a need for a rule 30(b)(6) deposition in order to identify appropriate representatives from Textron and Bell Helicopter, Textron, Inc., who they wish to depose, plaintiffs will submit a motion to the Court." (*Id.* at ¶10.) The Order also anticipated that discovery might not be completed within this optimistic timeframe, and provided that the parties should confer with the Court if no agreement could be reached on further discovery. (*Id.* at ¶7.)

Contrary to the Scheduling Order, Textron's document production was not complete as of March 15, 2005. Numerous deficiencies in defendants' production required two separate motions to compel. Plaintiffs commenced noticing depositions, but the parties recognized that depositions could not be completed as long as significant document production issues remained.

By Order of May 13, 2005, the Court extended the discovery deadline to September 15, 2005, based in part upon the fact that the Court had issued two rulings just days earlier granting in part motions to compel that plaintiffs filed March 15, 2005, and compelling defendants to produce additional documents. (*See* Ex. B, May 13, 2005, Order, at 2.) These two orders, entered on May 4, 2005, and May 10, 2005, both required defendants to produce documents within thirty days, by early June 2005. (*See* Ex. C, May 4, 2005, Order, at 5, and Ex. D, May 10, 2005, Order, at 11.) Like the original Scheduling Order, the May 13 Order made certain assumptions – namely, that document production would be completed in accordance with the Court's Order, allowing time for plaintiffs to

review the documents, notice depositions and take depositions following completion of document production. Unfortunately, that has not happened.

## II. NUMEROUS DELAYS HAVE MADE THE COMPLETION OF DISCOVERY BY THE CURRENT CUTOFF DATE IMPOSSIBLE

The fact discovery cutoff in this case is currently September 15, 2005. Plaintiffs have made a good faith effort to complete discovery by this deadline, to no avail. As detailed herein, defendants have adopted a tactic of delaying document production as much as possible. In addition, essential third party document production has been delayed as well (often at defendants' behest). Due to defendants' repeated failure to comply with discovery orders and other factors beyond plaintiffs' control, document production is still not complete, and will probably not be complete by September 15. Plaintiffs believe that the completion of document production is critical in order to take meaningful depositions in this case. Unfortunately, even if Textron and third parties produced all outstanding documents *today*, allowing plaintiffs to send out deposition notices *today*, meaningful depositions prior to September 15 would be impossible.

In order to accelerate the process, plaintiffs attempted to start taking Fed. R. Civ. P. 30(b)(6) depositions, which do not require complete document production, and, as Judge Smith recognized, are needed to determine appropriate representatives for subsequent depositions, but have been thwarted in their efforts. Neither defendants nor Textron's auditor, Ernst & Young, are willing to produce a Rule 30(b)(6) witness until September 13. Moreover, defendants advised that the other present or former Textron employees that plaintiffs have sought to depose are not available until after September 15 (in some instances, as late as October 11). Plaintiffs have conferred with defendants about extending the discovery schedule but have been unable to reach agreement. Therefore, plaintiffs respectfully request that this Court extend the time for completing fact discovery until March 15, 2006.

### A. Defendants Have Adopted a Tactic of Delaying Document Production As Much As

**Possible**

In blatant disregard of the Court's May 4 and May 10 Orders, defendants did not produce documents in early June. Instead, production was made in July. Defendants have attempted to excuse their non-compliance on the basis of their unsuccessful motion for stays of both the May 4 and May 10 Orders. No stays were granted (defendants' requests for stays were both denied on July 11, 2005), but defendants unilaterally held off on complying with the Court's Orders anyway. The first of three productions of documents responsive to the Court's May 10, 2005, Order was only made available to plaintiffs on July 15, 2005; the last was made available on July 21, 2005.

Defendants did not advise that document production stemming from the May 4 and May 10 Orders was complete until July 28, 2005. (*See* Ex. E, July 29, 2005, letter from Michael Behn to Anthony Mahajan.) Unfortunately, despite defendants' assertions, even with the belated productions defendants' production remains incomplete. Textron has refused to provide documents concerning the operational effectiveness, suitability or safety of the V-22 and other operational documents. This Court, in granting plaintiffs' motion to compel production of those documents has recognized that operational documents are critical to discovery, because "the 2001 accounting adjustment cannot be examined in an accounting vacuum." (*See* Ex. D at 7.) Indeed, Judge Smith ordered Textron to produce operational documents for the same reason in September 2004. (*See* Ex. A at 2.) Defendants' refusal to produce operational documents, despite the Court's Order to do so, has necessitated additional motion practice; plaintiffs intend to file a motion (re)compelling the production of operational documents. Defendants are attempting to use the discovery deadline as a means to win a discovery dispute they have now argued and lost twice before this Court. As plaintiffs have successfully asserted twice before, these documents are critical to taking meaningful depositions in this case, which is exactly why defendants are refusing production. Without an extension of time for fact discovery, defendants will be rewarded for their delaying tactic

of brazenly ignoring Court orders – orders that contemplated defendants' completion of document production by June.[1]

**B. Third Party Document Production Has Also Been Delayed**

Often at defendants' instigation, third-party document production has been delayed. Indeed, most of the crucial third-party document production has not occurred.

1. Ernst & Young

Third party Ernst & Young, Textron's auditor (whose testimony is clearly critical in a case that challenges Textron's accounting practices), initially produced heavily-redacted documents at Textron's insistence, necessitating plaintiffs' successful motion to compel unredacted production. However, Ernst & Young did not produce documents in response to the Court's May 4, 2005 Order until the week of July 5, 2005. No explanation was given for Ernst & Young's waiting a full month after the thirty-day period set forth in the Magistrate's Order to produce unredacted documents.[2] Furthermore, Ernst & Young has made clear that its 30(b)(6) witness is not available until September 14, 2005 – the day before the current fact discovery cutoff.

2. U.S. Navy

The United States Navy is the service branch responsible for the V-22 program. The Navy is , therefore, Textron's "customer" for this project, making its views of V-22 suitability and safely important to determining the project's prospects. Plaintiffs issued a subpoena to the Navy in

---

[1] Textron's dilatory practices continue; the parties are still negotiating with respect to Textron's failure to identify whose parties the documents they produced came from. Plaintiffs assert that Textron is required to do so under the discovery rules. *In re: Worldcom Sec. Lit.*, 2004 WL 768558, *1 (S.D.N.Y. April 12, 2004) ("defendants could meet their Rule 34 obligation by identifying the source of each of the files or documents that were produced.") Should the parties be unable to reach an amenable conclusion on this issue, further motion practice will probably result.

[2] Indeed, the most charitable way to describe the redactions made at Textron's insistence is that they were, at best, overzealous. (*See* Ex. G, Unredacted Documents.) For example, Ernst & Young, at Textron's insistence, redacted documents that demonstrate: 1) the "way forward" program that is used to determine the 3rd quarter charge is (a) "in its infancy" (EYDF 000264) and (b) "[Bell] has developed a preliminary plan . . . for returning the V-22 to operational flight activities" (EY01 000415); 2) the charge related to the V-22 increased in the 4th quarter by $10.1 million, calling into question the adequacy of the 3rd quarter charge (EY01 000414). The above factors are relevant based on the accounting guidance related to recognizing change orders or other contract modifications. Plaintiffs could not begin analyzing these critical documents until the "revealed" documents were belatedly produced.

October 2004; the Navy was poised to produce documents pursuant to this subpoena in April 2005. Nevertheless, no documents have been produced, because Textron requested that the Navy and Marine Corps delay their document productions pending resolution of Textron's objections. (*See* Ex. F, April 19, 2005, letter from Anthony Mahajan to John Sullivan, Esq., Deputy General Counsel, Department of Defense, at 2.) Textron's standing to make such a request is questionable, but its methods have effectively halted production from the Navy.

Furthermore, while Textron's motions were pending, the attorney handling this matter for the Navy was transferred, and a new attorney needed to get up to speed. Unfortunately, now that Textron's discovery appeals have been denied, the earliest the Navy and Marine Corps have stated they can produce documents is September 1, 2005. This extensive production is likely to take place in at least three states (Pennsylvania, Texas, and Maryland), will require coordination amongst various units, and will take months to review. Documents produced by the military are likely to be relevant to the depositions of Textron officials and government employees.

3. Boeing

Plaintiffs are also awaiting production of documents from Boeing (Textron's partner on the V-22), which were subpoenaed in March 2005. Boeing continually promises that the responsive documents will be available shortly, but to date, has produced nothing. (*See* Ex. G, Boeing Correspondence.)

## C. Other Factors Have Delayed The Completion of Document Discovery

Plaintiffs have been forced to move for a protective order under the Privacy Act of 1978 with respect to documents produced by the Defense Criminal Investigative Service (DCIS). 5 U.S.C. §552a. Plaintiffs' motion for such an order was granted in part on July 20, 2005; however, the order granted was narrower in scope than DCIS required to produce documents. Plaintiffs have therefore filed an appeal of a portion of the Magistrate's July 20, 2005, Order. If this appeal is

successful, plaintiffs have been apprised by DCIS that it will take at least thirty days for documents to be produced pursuant to a modified protective order. In a related matter, plaintiffs have appealed the Magistrate's July 20, 2005, Order denying reconsideration of the Magistrate's failure to grant plaintiffs access to documents concerning the "falsification scheme." It is unclear when these appeals will be resolved.

**D. Plaintiffs Require Time to Process Late-Produced Documents**

Once plaintiffs receive documents, it is not possible to immediately use them in depositions. In July alone, Textron produced approximately 19,000 pages of documents in belated response to the May 4 and May 10 Orders. Plaintiffs expect significant further production from the Navy, DCIS, and Boeing, and an unspecified, but large, number of documents to be produced from Textron assuming (another) favorable outcome on plaintiffs' motion to compel operational documents. Plaintiffs' counsel will need a reasonable amount of time to analyze the documents after receiving them. Many of these documents are complex accounting-related documents and will require consultation with experts.

**E. Plaintiffs Require Complete Document Production In Order To Take Meaningful Depositions**

Plaintiffs believe it would be more efficient and effective to await completion of all outstanding document production before beginning depositions. In the past, defendants have agreed with this outlook; however, of late they have been pressing to schedule depositions despite the fact that document production remains incomplete. This is in keeping with their tactic to wait out the discovery period without allowing plaintiffs meaningful depositions of Textron and third-party witnesses. Plaintiffs have proposed commencing a deposition schedule immediately, so long as defendants waive any objections they might have to re-producing previously-produced witnesses, if necessary, in light of material found in subsequently-produced documents. Defendants have not agreed to this, and have previously stated they will produce no witness twice. (*See* Ex. H, March 22,

2005 e-mail from Aric Wu to Michael Behn.) Without the remaining documents, therefore, most depositions cannot yet be taken.

**F. Plaintiffs Have Been Prevented From Taking Timely Fed. R. Civ. P. 30(b)(6) Depositions**

As noted above, the Court indicated its understanding that plaintiffs might require a 30(b)(6) deposition before scheduling other depositions, in order to identify appropriate representatives from Textron. (Ex. A, at 10.) This is critical, as the Scheduling Order afforded plaintiffs a limited number of depositions from Textron and third parties. (*Id.* at 3) Plaintiffs require the 30(b)(6) depositions to determine which individuals should be deposed.

Plaintiffs therefore sought, and defendants agreed, to a stipulation allowing plaintiffs to commence 30(b)(6) depositions without leave of Court on March 15, 2005. Plaintiffs' 30(b)(6) notices to Textron and its auditor Ernst & Young were issued on March 9, 2005, and specifically sought the person most knowledgeable to testify about, among other things, "the identities of all persons at Bell, Textron and Boeing who worked on accounting for the V-22 program, and who participated in any decision to change or not change the amounts of revenue and expenses that were recorded on the V-22 Program." (*See* Ex. I, 30(b)(6) notices to Textron and Ernst & Young, at 1, and "Schedule A".)[3] Unfortunately, plaintiffs' efforts to schedule a 30(b)(6) deposition before the end of the discovery period have been unsuccessful. Textron has stated that the soonest it is going to be able to produce a 30(b)(6) witness is September 13, 2005 – *two days* before the current discovery cutoff.[4]

Ernst & Young has offered September 14, 2005 as the only available date to produce their 30(b)(6) witness – *one day* before the end of the discovery period.

Defendants' strategy is clear. Textron is attempting to force plaintiffs to "waste" limited

[3] Unlike other depositions, 30(b)(6) depositions can be taken without the completion of document discovery.
[4] This despite the suggestion made in earlier correspondence that Textron would make a 30(b)(6) witness available immediately upon the Court's ruling on its discovery motions. (*See* Ex. H.)

deposition slots on individuals without receiving any understanding of how those individuals functioned within Textron, Ernst & Young, or other third parties, or indeed how the accounting processes within Textron and Ernst & Young *themselves* functioned. As the Court indicated, plaintiffs are entitled to receive such information from a properly knowledgeable 30(b)(6) deponent before determining which individuals to depose.

## III. PLAINTIFFS REQUIRE CLARIFICATION OF THE NUMBER OF TEXTRON DEPOSITIONS AFFORDED UNDER THE SCHEDULING ORDER

On a related note, the parties have conflicting interpretations of one aspect of the Scheduling Order. The Scheduling Order contemplates eight depositions of Textron representatives. (*See* Ex. A at 3.) Plaintiffs interpret this to mean eight depositions exclusive of the depositions of the individual defendants remaining in the case, Lewis B. Campbell, John A. Janitz, and Theodore R. French. Plaintiffs believe that they may depose Lewis, Campbell and French as individual parties - not as representatives of Textron. Textron insists that the eight depositions include the depositions of Campbell, Janitz, French, and Textron's 30(b)(6) deposition. Depositions of the named individual defendants are required in order to prosecute claims against them. Under Textron's interpretation, plaintiffs would only be afforded four depositions of Textron personnel after the 30(b)(6) deposition. Given the complexity of this case, plaintiffs believe this interpretation of the Court's order seems unlikely. Plaintiffs therefore seek clarification that the eight depositions of Textron representatives they have been afforded are in addition to depositions of the named individual defendants remaining in the case.

## IV. CONCLUSION

Plaintiffs have made a good faith effort to comply with the discovery schedule as set forth under the May 13, 2005 Scheduling Order. However, for all the reasons set forth above, this schedule has become untenable. It is apparent that discovery cannot be completed under the current schedule, based as it was on the Court's belief that Textron would comply with its May 4 and

May 10 Orders in a timely fashion, as would Ernst & Young, and that other parties would provide timely production. Instead, defendants have adopted a 'pressure play' strategy to preclude plaintiffs from meaningfully prosecuting their case; a large part of this strategy has been to flaunt the clear orders of this Court.

Plaintiffs believe at this point that it is unlikely that document productions will be completed before the end of August, and more probably will last until mid-October 2005. Plaintiffs will need some time to review the documents after production. Plaintiffs therefore seek a realistic extension of fact discovery and depositions, so that this case can be fairly decided on the facts, rather than on tactics. Plaintiffs expect defendants, of course, to stridently object to plaintiffs' request for a discovery extension. However, defendants have effectively conceded that the discovery period is insufficiently short. They recently offered to produce the first named individual defendant, John A. Janitz, on September 20, 2005, former Bell president John Murphey on September 22, 2005, Terry D. Stinson, a former Bell executive, on October 6, 2005, and a second named individual defendant, Theodore A. French, on October 11, 2005 – five, seven, twenty-two, and twenty-seven days after the current fact discovery cutoff, respectively. (*See* Ex. J, emails from Mitchell Karlan scheduling depositions.)

Given holiday complications, and the complexity of the depositions involved, a reasonably expeditious schedule would complete fact discovery and depositions by March 15, 2006.

WHEREFORE, plaintiffs respectfully request that the Court (1) amend the Scheduling Order to permit fact discovery to occur up to and including March 15, 2006, and (2) amend the Discovery Scheduling Order to state that the eight depositions of Textron representatives plaintiffs have been afforded are in addition to depositions of the named individual defendants remaining in the case, Campbell, Janitz, and French.

Respectfully submitted,

By: [signature]

William M. Kolb, Esq.
Law Offices of William M. Kolb, LLC
One Ship Street
Providence, RI 02903
Tel: (401) 490-8297
Fax: (401) 490-8299

Dated: August 9, 2005

Plaintiffs' Liaison Counsel

Ira M. Press, Esq.
Mark A. Strauss, Esq.
KIRBY McINERNEY & SQUIRE, LLP
830 Third Avenue
New York, NY 10022
Tel: (212) 371-6600

Michael I. Behn, Esq.
Ronald L. Futterman, Esq.
FUTTERMAN & HOWARD, CHTD.
122 South Michigan Avenue, Suite 1850
Chicago, IL 60603
Tel: (312) 427-3600

Plaintiffs' Co-Lead Counsel

Kirk Chapman
MILBERG WEISS BERSHAD
HYNES & LERACH LLP
One Pennsylvania Plaza, 49th Floor
New York, NY 10019
Tel: (212) 594-5300

Certificate of Service

I hereby certify that on the 9th day of August, 2005, a true and accurate copy of PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF AMENDING THE DISCOVERY SCHEDULE was served by first class mail, postage prepaid, upon the following:

John A. Tarantino, Esq.
Paul V. Curcio, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Anthony J. Mahajan, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166

William Jr. Kolb