UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOEL ROSEN, individually and on behalf of all others similarly situated, | : | |
| Plaintiffs, | : | C.A. 02-190S |
| v. | : | |
| TEXTRON INC., LEWIS B. CAMPBELL, JOHN A. JANITZ and THEODORE R. FRENCH, | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION TO DIRECT PLAINTIFFS**
**TO COMPLY WITH THE COURT'S MAY 10, 2005 ORDER**

For the reasons set forth in the accompanying memorandum of law, defendants hereby move the Court for an order directing plaintiffs to comply with the Court's Memorandum and Order, dated May 10, 2005 (*i.e.*, directing plaintiffs to serve a second amended document request no. 16 that (a) "targets and more particularly identifies the specific documents sought and/or the specific documents not sought" and (b) does not purport to require production of documents that this Court already has ruled plaintiffs are not entitled to seek). Pursuant to Appendix B-1, § II, ¶ 4 of the Local Civil Rules for the District of Rhode Island and Rule 6(e) of the Federal Rules of Civil Procedure, any objection by plaintiffs to this motion is due on or before August 29, 2005.

Dated: Providence, Rhode Island
August 15, 2005

Respectfully submitted,

ADLER POLLOCK & SHEEHAN P.C.

By: [signature]
John A. Tarantino (#2586)
Paul V. Curcio (#1965)

One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (Pro Hac Vice)
Aric H. Wu (Pro Hac Vice)
Anthony J. Mahajan (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of August, 2005, I caused a true copy of the foregoing Motion, accompanying Memorandum of Law and accompanying Appendix of Exhibits to be served by first-class mail, postage prepaid, to:

*Counsel for Lead Plaintiffs*:

William M. Kolb, Esq.
Law Offices of William M. Kolb, LLC
One Ship Street
Providence, RI 02903

Michael Behn, Esq.
Futterman & Howard, Chtd.
122 South Michigan Ave., Suite 1850
Chicago, IL 60603

Ira M. Press, Esq.
Kirby, McInerney & Squire, LLP
830 Third Avenue, 10th Floor
New York, NY 10022

*Co-Counsel for Defendants*:

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Anthony J. Mahajan, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166

Debra Hum[illegible]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOEL ROSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEXTRON INC., LEWIS B. CAMPBELL, JOHN A. JANITZ and THEODORE R. FRENCH,<br><br>Defendants. | C.A. 02-190S |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DIRECT PLAINTIFFS TO COMPLY WITH THE COURT'S MAY 10, 2005 ORDER**

ADLER POLLOCK & SHEEHAN P.C.
John A. Tarantino (#2586)
Paul V. Curcio (#1956)
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
(401) 274-7200

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (Pro Hac Vice)
Aric H. Wu (Pro Hac Vice)
Anthony J. Mahajan (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
(212) 351-4000

Attorneys for Defendants

August 15, 2005

Defendants Textron Inc., Lewis B. Campbell, John A. Janitz and Theodore R. French respectfully submit this memorandum of law in support of their motion to direct plaintiffs to comply with the Court's Memorandum and Order, dated May 10, 2005 ("May 10 Order").

## INTRODUCTION

On May 10, 2005, this Court determined plaintiffs' document demand no. 16 to be too "broad" and directed plaintiffs to serve an amended document request no. 16 that "targets and more particularly identifies the specific documents sought and/or the specific documents not sought." May 10 Order at 7 (DA Ex. 1). Contrary to the Court's admonition that plaintiffs serve a more targeted document request, plaintiffs served an enormous amended document demand no. 16 that is nearly 10 pages long, consists of more than 30 subparts and greatly *expands* the scope of documents sought. *Compare* Original Document Demand No. 16 (DA Ex. 2), *with* Amended Document Demand No. 16 (DA Ex. 3).

It is patently improper for plaintiffs to have propounded an amended document demand that is even broader than the original document demand the Court determined to be too broad. Nonetheless, in an effort to resolve the parties' dispute without motion practice, defendants have repeatedly made themselves available to meet and confer, including offering to meet with plaintiffs' consulting expert to try to identify specific documents for production in accordance with the Court's directive in the May 10 Order. Plaintiffs have declined those offers. Instead, plaintiffs have engaged in unreasonable strong-arm tactics.

For all the reasons set forth herein, defendants respectfully request that the Court direct plaintiffs to comply with its May 10 Order and serve an amended document request no. 16 that "targets and more particularly identifies the specific documents sought and/or the specific documents not sought." May 10 Order at 7.

## STATEMENT OF FACTS

### I. Plaintiffs' Original Document Demand No. 16

Plaintiffs' original document demand no. 16 sought documents concerning the "operational effectiveness, suitability, or safety of the V-22 Aircraft" and consisted of 7 subparts, including, *inter alia*, a sweeping demand for "*all* documents concerning *any* alleged, potential, or actual mechanical, operational, or safety deficiencies of the V-22 Aircraft." Original Document Demand No. 16, subpart f (DA Ex. 2).

### II. On May 10, 2005, The Court Determines Plaintiffs' Document Demand To Be Overbroad And Directs Plaintiffs To Serve A More Targeted Document Request

On May 10, 2005, this Court determined plaintiffs' document demand no. 16 to be too "broad" and directed plaintiffs to serve an amended document request no. 16 that "targets and more particularly identifies the specific documents sought and/or the specific documents not sought." May 10 Order at 7 (DA Ex. 1).

### III. On June 16, 2005, Plaintiffs Serve An Enormous Amended Document Demand That Is Even Broader Than Their Original Document Demand

Plaintiffs waited until June 16, 2005, or more than a month later, to serve their new document demand. Contrary to the Court's admonition that plaintiffs serve a more targeted document request, plaintiffs served an enormous amended document demand that was nearly 10 pages long and consisted of more than 30 subparts. *See* Amended Document Demand No. 16 (DA Ex. 3).

Like plaintiffs' original document demand, plaintiffs' amended document demand effectively encompasses any scrap of paper relating in any way to any mechanical aspect of the V-22, including, *inter alia*, "*all* documents concerning *any* alleged, potential, or actual mechanical, operational, or safety deficiencies of the V-22 Aircraft." *Id.*, subpart p.

Moreover, rather than "target[] and more particularly identif[y] the specific documents sought and/or the specific documents not sought" (May 10 Order at 7), the amended document demand *expands* the scope of documents sought. Merely by way of example, rather than identify specific documents sought by subpart c of the original document demand, plaintiffs' amended document demand simply regurgitates subpart c and adds an additional subpart to *expand* the scope of documents sought. *Compare* Original Document Demand No. 16, subpart c, *with* Amended Document Demand No. 16, subparts e and f.

The amended document demand also goes much further and purports to require production, for example, of the names of any employee that ever worked on the V-22, including "all headcount charts" and "all rosters or lists that identify personnel working on the V-22 program." *See* subparts u and v. Plaintiffs have declined to respond to defendants' queries as to how such documents constitute documents concerning the "operational effectiveness, suitability, or safety of the V-22 Aircraft." And, though this Court noted that plaintiffs plainly were not entitled to "employee time cards," plaintiffs' amended document request even goes so far as to demand "all materials that set forth the man hours expended" on any design work on the V-22. *Compare* May 10 Order at 7, *with* Amended Document Demand No. 16, subpart y.

The amended document demand also purports to require production of other documents already determined by this Court to be outside the proper scope of discovery. For example, this Court ruled that plaintiffs were not entitled to documents relating to the Marine Corps falsification scandal. *See* May 10 Order at 8-9. Yet, plaintiffs' amended document demand purports to require production of all documents relating to "mean-time-before-failure" data, which, as plaintiffs are well aware, is the very same data that was at issue in the Marine Corps falsification scandal. *See* Amended Document Demand No. 16, subparts c and n.

## IV. **Defendants Timely Serve Their Responses And Objections To Plaintiffs' New Document Demand And Promptly Request A Meet And Confer**

On July 15, 2005, defendants timely served their responses and objections to the expanded document demand. *See* Defendants' Responses and Objections (DA Ex. 4). In addition to objecting to plaintiffs' new document demand as contravening this Court's directive that plaintiffs serve a more targeted document request, defendants noted that plaintiffs' new document demand was a "thinly disguised effort to obtain documents that the Court already had ruled plaintiffs are not entitled to seek." *Id.* at 1-2, 7.

On Monday, July 18, 2005, defendants promptly requested a meet and confer. *See* 7/18/05 Letter to Michael Behn (DA Ex. 5).

## V. **No Progress Is Made During The Parties' First Meet And Confer**

As an accommodation to the travel schedule of plaintiffs' counsel, a telephonic meet and confer was ultimately held ten days later on July 28, 2005. During the parties' meet and confer, defendants advised plaintiffs that they were willing to meet with plaintiffs' consulting expert in an attempt to more particularly identify specific documents for production. Plaintiffs' declined defendants' offer. Moreover, plaintiffs' counsel indicated that plaintiffs believed all subparts of plaintiffs' expanded document demand to be equally relevant, so that none of the 33 subparts of the amended document demand was any more or less relevant than the other. Based on that comment and plaintiffs' unwillingness to try to more particularly identify specific documents for production, no progress was made during the meet and confer. Attached for the Court's reference is the parties' exchange of correspondence in the wake of the meet and confer. *See* Plaintiffs' 7/29/05 Letter (DA Ex. 6); Defendants' 8/2/05 Letter (DA Ex. 7).

## VI. Defendants Reiterate Their Offer To Meet With Plaintiffs' Consulting Expert To Identify Specific Documents For Production And Plaintiffs Request Another Meet And Confer

On August 2, 2005, defendants reiterated their offer to meet with plaintiffs' consulting expert to more particularly identify specific documents for production. *See* Defendants' 8/2/05 Letter (DA Ex. 7). On August 4, 2005, plaintiffs' counsel from the Milberg Weiss law firm asked for another meet and confer. Defendants immediately made themselves available. *See* Defendants' 8/5/05 E-mail (DA Ex. 8).

## VII. Despite Requesting Another Meet And Confer, Plaintiffs Never Make Themselves Available And Instead Send A Letter Threatening Defendants To Acquiesce To Plaintiffs' Demands Within 24 Hours

Despite requesting another meet and confer, plaintiffs never made themselves available. Instead, late on August 9, 2005, defendants received a letter from plaintiffs' counsel demanding that defendants acquiesce "in writing, by 5:00 p.m. CST on August 10, 2005" to plaintiffs' demand that defendants immediately produce 10 broad categories of documents with plaintiffs reserving the right to compel production of the remaining 23 subparts of amended document demand no. 16 and also "other documents whether or not identified in the Amended Request No. 16." Plaintiffs' 8/9/05 Letter at 2 (DA Ex. 9). Plaintiffs' original document demand no. 16 contained 7 subparts. *See* Original Document Demand No. 16 (DA Ex. 2)

In a filing with the Court on August 9, 2005, plaintiffs made clear that they already had decided to file a motion to compel regardless of whether or not defendants acquiesced "in writing, by 5:00 p.m. CST on August 10, 2005" to plaintiffs' demands. *See* Plaintiffs' Second Motion to Amend Discovery Schedule, dated August 9, 2005, at 4 (Docket No. 140) (advising Court that plaintiffs would be filing a motion to compel).

## VIII. Defendants Identify A Number Of Issues With Plaintiffs' Demands And Request A Meet And Confer To Have A "Reasonable And Informed" Discussion With Plaintiffs To Try To Identify Specific Documents For Production

Defendants promptly responded to plaintiffs' August 9 letter. *See* Defendants' 8/10/05 Letter (DA Ex. 10). Defendants identified a number of issues for plaintiffs, including their apparent attempt to reserve for themselves "the right to seek production of other documents whether or not identified in the Amended Request No. 16" irrespective of any agreement reached between the parties. *Id.*

Moreover, notwithstanding the apparent lack of any intention on the part of plaintiffs to resolve the parties' disputes without motion practice, defendants requested a meet and confer to have a "reasonable and informed" discussion to try to identify specific documents for production:

> Michael, it is our sincere hope and desire that the parties can reach a mutually acceptable agreement on amended document demand no. 16. We hope that is your sincere hope and desire as well. To that end, we are evaluating your latest proposal with our clients so that we can have a reasonable and informed discussion with you as soon as practicable. We hope that you will consider the issues that we have preliminarily identified in this letter so that you also will be in a position to have a reasonable and informed discussion. We also ask that you think about ways in which you can help better target the specific documents sought, per Magistrate Judge Almond's May 10 Order, so as to avoid unnecessarily burdening defendants with expensive and time-consuming document searches. To keep things moving forward, please let us know your availability next week for a telephonic meet and confer.

*Id.* at 3.

## IX. Plaintiffs Decline To Respond To The Issues Identified In Defendants' August 10 Letter And Advise That Will File A Motion To Compel

On August 12, 2005, rather than respond to any of the issues identified by defendants in their August 10 letter to move the parties' discussions forward, plaintiffs advised that they would file a motion to compel in advance of any meet and confer. *See* Plaintiffs' 8/12/05 Letter (DA Ex. 11).

## ARGUMENT

As the foregoing chronology makes clear, plaintiffs' actions in the wake of the Court's May 10 Order have been particularly unreasonable and calculated to obtain a production of documents that is even *broader* in scope than what was sought by plaintiffs in their original document demand and also calculated to obtain documents that this Court already has ruled plaintiffs are not entitled to seek.

As defendants have long made clear, "if or when plaintiffs serve an amended document request that, consistent with Magistrate Judge Almond's May 10 Order, does not seek documents the Court already has ruled plaintiffs are not entitled to seek and 'targets and more particularly identifies the specific documents sought and/or the specific documents not sought,' defendants are ready to undertake a search for such documents." Defendants' Responses and Objections at 8 (DA Ex. 4).

It is simply unfair, however, for plaintiffs to have served a massive document demand that is far broader than the original document demand this Court determined to be too broad. Plaintiffs undoubtedly will complain that defendants have not produced any documents in response to their amended document demand no. 16. But that puts the proverbial cart before the horse. Sweeping document searches of the kind called for by plaintiffs' amended document demand are time-consuming, disruptive and expensive. Defendants already have undertaken multiple document searches in connection with plaintiffs' myriad other document demands and should not be required to make repeated costly document searches in response to the same document demand just because plaintiffs failed to heed the Court's directive to serve an amended document request that "targets and more particularly identifies the specific documents sought." May 10 Order at 7. Rather, it is plaintiffs' burden in the first instance to comply with the Court's

May 10 Order. If and when plaintiffs comply with the Court's May 10 Order, defendants are prepared to undertake *one* document search to identify responsive documents to a properly tailored document request. *See* Defendants' Responses and Objections at 8 (DA Ex. 4).

The document discovery in this action already has been extremely time-consuming and disruptive to defendants' business. Defendants want to complete document discovery, once and for all, and move to resolution of this case. Plaintiffs' calculated strong-arm tactics to force a production of documents that is even *broader* in scope than what was originally sought in plaintiffs' original document demand are not productive. Accordingly, defendants simply ask that, in the interests of fairness and justice, the Court direct plaintiffs to serve an amended document request that complies with the Court's May 10 Order. Should the plaintiffs need assistance in more particularly targeting specific documents, defendants reiterate their repeated offer to meet with plaintiffs and/or their consulting expert.

**CONCLUSION**

For all these reasons, defendants respectfully request that the Court enter an order directing plaintiffs to comply with Court's Memorandum and Order, dated May 10, 2005 (*i.e.*, directing plaintiffs to serve a second amended document request no. 16 that (a) "targets and more particularly identifies the specific documents sought and/or the specific documents not sought" and (b) does not purport to require production of documents that this Court already has ruled plaintiffs are not entitled to seek), and grant such other and further relief as the Court deems appropriate.

Dated: Providence, Rhode Island
August 15, 2005

Respectfully submitted,

ADLER POLLOCK & SHEEHAN P.C.

By: ______________________
John A. Tarantino (#2586)
Paul V. Curcio (#1965)

One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (Pro Hac Vice)
Aric H. Wu (Pro Hac Vice)
Anthony J. Mahajan (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Attorneys for Defendants