UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOEL ROSEN, individually and on behalf of all others similarly situated, | : | |
| Plaintiffs, | : | C.A. 02-190S |
| v. | : | |
| TEXTRON INC., LEWIS B. CAMPBELL, JOHN A. JANITZ and THEODORE R. FRENCH, | : | |
| Defendants. | : | |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO EXTEND THE DISCOVERY SCHEDULE AGAIN BY ANOTHER SIX MONTHS AND TO EXPAND THE NUMBER OF DEPOSITIONS**

For the reasons set forth in the accompanying memorandum, defendants hereby object to plaintiffs' motion to extend the discovery schedule again, by another six months, and to expand, from twenty-one to twenty-four, the number of permitted depositions.

Dated: Providence, Rhode Island
August 23, 2005

Respectfully submitted,

ADLER POLLOCK & SHEEHAN P.C.

By: [signature]
John A. Tarantino (#2586)
Paul V. Curcio (#1965)

One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (Pro Hac Vice)
Aric H. Wu (Pro Hac Vice)
Anthony J. Mahajan (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of August, 2005, I caused a true copy of the foregoing Objection, accompanying Memorandum and accompanying Appendix of Exhibits to be served by first-class mail, postage prepaid, to:

*Counsel for Lead Plaintiffs*:

William M. Kolb, Esq.
Law Offices of William M. Kolb, LLC
One Ship Street
Providence, RI 02903

Michael Behn, Esq.
Futterman & Howard, Chtd.
122 South Michigan Ave., Suite 1850
Chicago, IL 60603

Ira M. Press, Esq.
Kirby, McInerney & Squire, LLP
830 Third Avenue, 10th Floor
New York, NY 10022

*Co-Counsel for Defendants*:

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Anthony J. Mahajan, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166

Shelley L. Zimmerman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOEL ROSEN, individually and on behalf of all others similarly situated, | : | |
| Plaintiffs, | : | C.A. 02-190S |
| v. | : | |
| TEXTRON INC., LEWIS B. CAMPBELL, JOHN A. JANITZ and THEODORE R. FRENCH, | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND THE DISCOVERY SCHEDULE AGAIN BY ANOTHER SIX MONTHS AND TO EXPAND THE NUMBER OF DEPOSITIONS**

ADLER POLLOCK & SHEEHAN P.C.
John A. Tarantino (#2586)
Paul V. Curcio (#1956)
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (Pro Hac Vice)
Aric H. Wu (Pro Hac Vice)
Anthony J. Mahajan (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Attorneys for Defendants

August 23, 2005

Defendants, Textron Inc., Lewis B. Campbell, John A. Janitz and Theodore R. French, respectfully submit this memorandum in opposition to plaintiffs' motion to extend the discovery schedule again, by another six months, and to expand, from twenty-one to twenty-four, the number of permitted depositions.

## INTRODUCTION

This action is forty months old. Fact discovery, already extended once, closes in three weeks. Plaintiffs have yet to depose a single witness. There is no excuse for this. Defendants are entitled to a prompt resolution of this meritless lawsuit.

Plaintiffs previously moved to extend the fact discovery deadline by six months from June 15, 2005 to December 15, 2005. Defendants did not oppose a modest shift, but did oppose such a lengthy extension. Magistrate Judge Almond held that a six-month extension was not warranted given "the age of this case" and instead limited the extension to three months to September 15, 2005. Memorandum and Order, dated May 13, 2005, at 2 (Plaintiffs' Appendix ("PA") Ex. B).

On July 18, 2005, defendants asked plaintiffs to please identify witnesses for deposition in light of the impending September 15, 2005 deadline: "As you know, the fact discovery cut-off date is less than two months away. To date, plaintiffs have failed to identify by name a single witness they intend to depose. As a courtesy to the witnesses, please advise at your earliest convenience whom plaintiff intend to depose so that we can try to identify possible dates for depositions." Defendants' 7/18/05 Letter (Defendants' Appendix ("DA") Ex. 1).

Defendants did not hear from plaintiffs until August 2005, when plaintiffs identified five Textron and Bell representatives that they wanted to depose and asked that the defendants agree to extend the discovery deadline to December 15, 2005. Within days, defendants identified deposition dates for the witnesses identified by plaintiffs. *See* PA Ex. J. Because by August 2005 some of the witnesses were not available until shortly after the September 15, 2005 fact discovery deadline, defendants advised plaintiffs that they would agree to an extension of the deadline to October 7, 2005: "We think that all depos must be noticed by the end of August and taken by October 7, which is an extension of a little over 20 days. To the extent that individual witnesses cannot appear until slightly after October 7 because of their personal schedules, obviously we won't be unreasonable about that." Defendants' 8/5/05 E-mail (DA Ex. 2).

Plaintiffs omit the foregoing from their motion and never responded to defendants' suggestion of a reasonable extension of the discovery deadline to accommodate the schedules of individual witnesses. Instead, just days after defendants indicated that they would agree to extend the deadline to October 7, 2005 rather than to December 15, 2005 as sought by plaintiffs, plaintiffs filed their motion seeking an extension of the discovery deadline by six more months to *March 15, 2006.*

Fact discovery can and should be completed well before October 31, 2005. Only a modest shift of the discovery schedule is required to accommodate the schedules of individual witnesses who may not be available until after the September 15, 2005 deadline established by Magistrate Judge Almond. Accordingly, plaintiffs' motion to extend the fact discovery deadline by another six months should be denied. Plaintiffs' motion to expand the number of permitted depositions in this case from twenty-one to twenty-four also should be denied and is particularly unwarranted given that plaintiffs have only noticed a total of eight depositions to date.

## STATEMENT OF FACTS

### I. On September 13, 2004, This Court Establishes A Discovery Deadline Of June 15, 2005

On September 13, 2004, this Court entered a Discovery Scheduling Order establishing a discovery deadline of June 15, 2005. *See* PA Ex. A, ¶ 10. Pursuant to Paragraphs 1 and 2 of the Discovery Scheduling Order, defendants completed production in October 2004 of 126,695 pages of documents relating to defendants' accounting for the V-22 program. Defendants completed their production in just over a month.

### II. Plaintiffs Wait Until February 2005 To Confer With Ernst & Young

On October 12, 2004, Ernst & Young served its objections to plaintiffs' third-party subpoena for documents and indicated that it was "willing to discuss [its] objections" and "reach an agreement regarding logistics, a confidentiality order and a narrowing of the subpoena's scope." E&Y 10/12/04 Letter (DA Ex. 3). Plaintiffs waited until more than *four months* later in February 2005 to confer with Ernst & Young. *See* E&Y 2/18/05 Letter (DA Ex. 4).

### III. Plaintiffs Wait Until March 24, 2005 To Narrow The Scope Of Their Subpoena To The Navy

On October 20, 2004, plaintiffs served a subpoena upon the Navy. *See* Plaintiffs' Navy Subpoena (DA Ex. 5). Contrary to plaintiffs' assertion that defendants requested the Navy in April 2005 to "delay their document production" (Ps' Br. at 6), defendants' only letter to the Navy was sent in November 2004 confirming the parties' agreement that the time period of plaintiffs' subpoena should be limited to January 1, 2000 to September 30, 2001. Defendants' 11/04/04 Letter (DA Ex. 6). That letter did not contain any request that the Navy delay document production. *Id.* Moreover, plaintiffs' assertion that "no documents have been produced" by the Navy (Ps' Br. at 6) is demonstrably false. *See* 3/24/05 Letter (DA Ex. 7).

As made clear by a letter from the Department of Navy to plaintiffs' counsel, any delay in document production was a result of plaintiffs' own failure to narrow their document subpoena until March 24, 2005, or *five months* after plaintiffs served their original subpoena:

> As I stated in my e-mail dated February 22, 2005, given the breadth of the initial request [by plaintiffs], which encompassed virtually all the documentation that the V-22 program office might have produced during the specified time period, the estimated cost for the Naval Air Systems Command (NAVAIR) alone to respond to your initial request approximated $50,000.
>
> In your March 24, 2005 letter, you [plaintiffs] narrowed the scope of the request . . .

Navy 3/29/05 Letter (DA Ex. 8).

## IV. Plaintiffs Wait Until March 28, 2005 To Serve <u>The Department Of Defense And Boeing With Subpoenas</u>

Though Paragraph 4 of the September 13, 2004 Discovery Scheduling Order provided that plaintiffs could "immediately" serve document subpoenas on the Department of Defense and Boeing, plaintiffs waited more than *six months* until March 28, 2005, or almost two weeks after the designated March 15, 2005 start date for fact discovery depositions under Paragraph 10 of the Discovery Scheduling Order, to serve subpoenas upon the Department of Defense and Boeing. *See* Plaintiffs' 3/28/05 Subpoenas (DA Exs. 9 & 10).

## V. In April 2005, Plaintiffs Move To Extend The Fact <u>Discovery Deadline By Six Months To December 15, 2005</u>

On April 4, 2005, plaintiffs filed a motion to extend the fact discovery deadline by six months from June 15, 2005 to December 15, 2005. *See* Plaintiffs' Motion (DA Ex. 11). As part of their motion, plaintiffs complained that they had "issued a subpoena to the Navy in October of 2004" but that "no documents ha[d] yet been produced." *Id.* at 4. Plaintiffs did not provide the Court with a copy of the Navy's March 29, 2005 letter, which revealed that plaintiffs waited until

March 24, 2005 to narrow their original subpoena which, in the Navy's words, "encompassed virtually all the documentation that the V-22 program office might have." Navy 3/29/05 Letter.

Defendants did not oppose a modest shift of the discovery schedule, but did oppose the lengthy six-month extension sought by plaintiffs. *See* Defendants' Opposition (DA Ex. 12).

## VI. On May 13, 2005, Magistrate Judge Almond Limits The Extension Of The Fact Discovery Deadline To Three Months Given "The Age Of This Case"

On May 13, 2005, Magistrate Judge Almond held that a six-month extension was not warranted given "the age of this case" and limited the extension of the fact discovery deadline to three months so that all fact discovery would be concluded by September 15, 2005. *See* May 13 Order at 2 (PA Ex. B).

## VII. In Late May 2005, Both Plaintiffs And Defendants Appeal Discovery Rulings

Also in May 2005, both plaintiffs and defendants appealed discovery rulings. *See* Plaintiffs' 5/24/05 Reconsideration Motion (Docket No. 112); Defendants' 5/18/05 and 5/24/05 Appeals (Docket Nos. 107 & 108). Plaintiffs acknowledged that production of any documents during the pendency of the appeals would "moot" the appeals. Plaintiffs' 6/3/05 Opposition at 5 (Docket No. 122); Plaintiffs' 6/20/05 Opposition at 7 (Docket No. 129). Nonetheless, *before* the Court ruled on defendants' appeal of the May 4 discovery ruling, defendants made their production of documents pursuant to that ruling available to plaintiffs.[1] And, just four days after the Court ruled on defendants' appeal of the May 10 discovery ruling, defendants made their production of documents pursuant to that ruling available to plaintiffs. As a result of

---

[1] By contrast, plaintiffs still have not provided defendants with their long overdue production of unredacted documents. *See* 8/10/05 Letter (DA Ex. 13).

miscommunication amongst the plaintiffs' four law firms, plaintiffs failed to pick up defendants' productions in a timely manner. *See* Defendants' 7/21/05 Letter (DA Ex. 14).

### VIII. Plaintiffs Wait Until June 16, 2005 To Serve An Amended Document Request No. 16

In his May 10 discovery ruling, Magistrate Judge Almond determined plaintiffs' document demand no. 16 to be too "broad" and directed plaintiffs to serve an amended document request no. 16 that "targets and more particularly identifies the specific documents sought and/or the specific documents not sought." May 10 Order at 7 (PA Ex. D).

Plaintiffs waited until June 16, 2005, or more than a month later, to serve their new document demand. Contrary to Magistrate Judge Almond's admonition that plaintiffs serve a more targeted document request, plaintiffs served an enormous amended document demand that was nearly 10 pages long, consisted of more than 30 subparts and purported to demand production of documents, including documents relating to the so-called Marine falsification scandal, that Magistrate Judge Almond already had barred plaintiffs from seeking. *See* Amended Document Demand No. 16 (DA Ex. 15).[2]

As a result of plaintiffs' decision to propound an amended document demand that is far broader than the original document demand Magistrate Judge Almond determined to be too

---

2 Plaintiffs also attempted to circumvent Magistrate Judge Almond's May 10, 2005 order barring discovery of documents relating to the Marine falsification scandal through a June 17, 2005 motion for entry of Privacy Act protective order. Indeed, in a filing on August 3, 2005, plaintiffs admit that their June 17 motion sought to expedite production of documents relating to the Marine falsification scandal. *See* Plaintiffs' Appeal Brief at 9 (Docket No. 137). In their June 17 motion, plaintiffs did not advise Magistrate Judge Almond that entry of the protective order they requested would effectively contravene his May 10 order barring discovery of documents relating to the Marine falsification scandal. *See* Plaintiffs' Motion Brief (Docket No. 127).

broad, defendants were forced to file a motion to direct plaintiffs to comply with Magistrate Judge Almond's May 10 discovery ruling. *See* Defendants' Motion (DA Ex. 16).

**IX. On July 18, 2005, Defendants Ask Plaintiffs <u>To Identify Witnesses For Deposition</u>**

On July 18, 2005, defendants asked plaintiffs to identify witnesses for deposition in light of the impending September 15, 2005 deadline: "As you know, the fact discovery cut-off date is less than two months away. To date, plaintiffs have failed to identify by name a single witness they intend to depose. As a courtesy to the witnesses, please advise at your earliest convenience whom plaintiff intend to depose so that we can try to identify possible dates for depositions." Defendants' 7/18/05 Letter (DA Ex. 1).

In addition, because virtually all of the documents sought by plaintiffs in their improperly expanded document demand no. 16 have nothing to do with the accounting issue in this case, defendants also advised plaintiffs that "we do not think depositions should be held up for any issues on plaintiffs' document demand no. 16." *Id.*

**X. Defendants Do Not Hear From Plaintiffs Until <u>August 2005, But Promptly Schedule Deposition Dates</u>**

Defendants did not hear from plaintiffs until August 2005, when plaintiffs identified five Textron and Bell representatives whom they wanted to depose and asked that the defendants agree to extend the discovery deadline to December 15, 2005. *See* 8/2/05 Letter at 2 (DA Ex. 17); 8/5/05 E-mail (DA Ex. 2). Within days, defendants identified deposition dates. PA Ex. J.

Plaintiffs also advised defendants for the first time of their supposed belief that they were authorized to take up to eleven depositions of Textron and Bell representatives. Defendants referred plaintiffs to subpart iv of Paragraph 10 of the Discovery Scheduling Order, which provides that "plaintiffs may depose . . . not more than *eight* representatives of Textron

and Bell Helicopter." *See* 8/2/05 Letter at 2 (DA Ex. 17). To date, plaintiffs have identified only six of the eight Textron and Bell representatives whom they wish to depose.[3] Of the remaining thirteen depositions that plaintiffs requested prior to entry of the Discovery Scheduling Order in September 2004, plaintiffs have noticed only two. Paragraph 10 of the Discovery Scheduling Order already explicitly provides for twenty-one depositions. Defendants find it hard to believe that the Court implicitly meant to approve the taking of twenty-four depositions. The Federal Rules of Civil Procedure prescribe a presumptive limit of only ten depositions. *See* Fed. R. Civ. P. 30(a)(2)(A).

## XI. Defendants Agree To A Reasonable Extension Of The Fact Deposition Deadline To Accommodate The Schedules Of Individual Witnesses

Because by August 2005 some of the witnesses were not available until shortly after the September 15, 2005 fact discovery deadline, defendants advised plaintiffs that they would agree to an extension of the deadline to October 7, 2005: "We think that all depos must be noticed by the end of August and taken by October 7, which is an extension of a little over 20 days. To the extent that individual witnesses cannot appear until slightly after October 7 because of their personal schedules, obviously we won't be unreasonable about that." Defendants' 8/5/05 E-mail.

## XII. Plaintiffs Never Respond And Instead File Their Motion To Extend

Plaintiffs never responded. Instead, plaintiffs filed their motion to extend the discovery schedule to March 15, 2006, or far beyond the December 15, 2005 extension they had sought from defendants just five days earlier. *See id.*

---

3 By stipulation, the plaintiffs agreed that "any Rule 30(b)(6) deposition they take of Textron or Bell Helicopter Textron, Inc. shall count against the limit of eight depositions." 3/10/05 Stipulation, ¶ 4 (DA Ex. 18). Plaintiffs have noticed a 30(b)(6) deposition on substantive issues as opposed for merely identifying witnesses for deposition. *See* Plaintiffs' 30(b)(6) Notice (PA Ex. I).

**ARGUMENT**

As demonstrated by the foregoing chronology, it is the plaintiffs who have failed to manage their discovery in a timely manner. They waited for months to serve document subpoenas that they could have served "immediately" following entry of the Court's September 13, 2004 Discovery Scheduling Order, failed to confer with third parties in a timely manner and failed to notice depositions in a timely manner. They also have made repeated time-consuming attempts to circumvent discovery rulings and obtain documents that Magistrate Judge Almond already had barred them from seeking.

Defendants have had to prod plaintiffs into identifying witnesses for deposition. As soon as plaintiffs did, defendants promptly provided deposition dates to plaintiffs *within days*. *See* PA Ex. J. Because by the time plaintiffs finally identified witnesses in August 2005 some witnesses could not be available until shortly after September 15, 2005, defendants agreed to a reasonable extension of the discovery deadline to accommodate and account for the schedules of those witnesses. *See* Defendants' 8/5/05 E-mail (DA Ex. 2). Plaintiffs wholly omit from their motion defendants' attempt to find a reasonable middle ground. Instead, plaintiffs filed their motion accusing defendants of "dilatory" and "pressure play" tactics and criticizing third parties for failing to immediately respond to their belated and overbroad subpoenas. In short, plaintiffs blame everybody but themselves. *See* Ps' Br. at 1-10.

What is really happening here is that plaintiffs are seeking to prolong and extend discovery by all means possible in an attempt to extract an *in terrorem* settlement from defendants. Plaintiffs do not want to proceed with depositions because they know that depositions will confirm what the document production already makes clear: the disputed third

quarter 2001 accounting adjustment on the V-22 EMD contract was small, and could not have been made earlier, and defendants had absolutely no reason to fraudulently delay the adjustment.

This action is not young and the defendants are entitled to a resolution. Plaintiffs' attempted use of the discovery process to extract an *in terrorem* settlement should not be countenanced. As defendants advised plaintiffs before plaintiffs opted to file their motion to extend, defendants are amenable to a reasonable extension of the discovery deadline to accommodate and account for the schedules of individual witnesses. And, as plaintiffs acknowledge, defendants already have scheduled the depositions sought by plaintiffs for September and early October. *See* Ps' Br. at 10. There is no reason why fact discovery cannot be completed by October 31, 2005.

## CONCLUSION

For all these reasons, defendants respectfully request that the Court deny plaintiffs' motion to extend the discovery schedule again, by another six months, and to expand, from twenty-one to twenty-four, the number of permitted depositions and grant such other and further relief as the Court deems appropriate.

Dated: August 23, 2005

Respectfully submitted,

ADLER POLLOCK & SHEEHAN P.C.

By: [signature]
John A. Tarantino (#2586)
Paul V. Curcio (#1965)

One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4067

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (Pro Hac Vice)
Aric H. Wu (Pro Hac Vice)
Anthony J. Mahajan (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of August, 2005, I caused a true copy of the foregoing Objection, accompanying Memorandum and accompanying Appendix of Exhibits to be served by first-class mail, postage prepaid, to:

*Counsel for Lead Plaintiffs*:

William M. Kolb, Esq.
Law Offices of William M. Kolb, LLC
One Ship Street
Providence, RI 02903

Michael Behn, Esq.
Futterman & Howard, Chtd.
122 South Michigan Ave., Suite 1850
Chicago, IL 60603

Ira M. Press, Esq.
Kirby, McInerney & Squire, LLP
830 Third Avenue, 10th Floor
New York, NY 10022

*Co-Counsel for Defendants*:

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Anthony J. Mahajan, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166

Shelley L. Zimmerman