Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOEL ROSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TEXTRON INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH, and TERRY D. STINSON,<br><br>Defendants. | Civil Action No. 02-190S<br><br>Judge William E. Smith<br><br>Class Action<br><br>JURY TRIAL DEMANDED |
| LESLIE TURBOWITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TEXTRON INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH and TERRY D. STINSON,<br><br>Defendants. | Civil Action No. 02-264S |

RECEIVED
DEC 30 2005
Property of U.S. District Court
District of Rhode Island

**PRELIMINARY ORDER IN CONNECTION**
**WITH SETTLEMENT PROCEEDINGS**

WHEREAS, the parties to the above-captioned consolidated class action, having applied pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an Order preliminarily approving the settlement of this class action (the "Action") in accordance with the Stipulation of Settlement entered into by the parties dated as of December 29, 2005, and the exhibits attached thereto (the "Stipulation"), which would provide for dismissal of the Action with prejudice, and the Court having read and considered the Stipulation and the parties having consented to the entry of this Order:

NOW, THEREFORE, IT IS HEREBY ORDERED that:

\

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

2. The terms of the Settlement set forth in the Stipulation are hereby preliminarily approved as fair, reasonable, and adequate, subject to the further consideration at the Fairness Hearing referred to in ¶ 3, below.

3. A Fairness Hearing shall be held on May 9, 2006 at 9 a.m., before the Honorable William E. Smith, United States District Judge, at the United States Courthouse, District of Rhode Island, Federal Building and United States Courthouse, One Exchange Terrace, Providence, Rhode Island 02903 (the "Settlement Hearing") to (a) determine whether the Settlement of the Action is fair, reasonable and adequate and in the best interest of the Class and should be finally approved by the Court; (b) determine whether or not an Order and Final Judgment, substantially in the form attached to the Stipulation of Settlement as Exhibit E, should be entered in the Action, *inter alia* dismissing the Action with prejudice against the Class and all of its individual members and extinguishing and releasing all Settled Claims as defined in the Stipulation; (c) determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court; (d) consider the application of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund; and (e) hear and rule on such other matters as the Court may deem appropriate.

4. The Court reserves the right to adjourn the Fairness Hearing without further notice other than by announcement at the Fairness Hearing or any adjournment thereof.

5. The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the parties to the Stipulation and without

further notice to the members of the Class.

6. In order to facilitate the mailing of Notice to the Class, Defendants are directed to provide to Plaintiffs' Co-Lead Counsel, as soon as reasonably practicable, but not more than ten (10) business days after the date this Order is entered by the Court, a list in electronic form, containing the names and last-known mailing addresses of each member of the Class whom the Company can identify through reasonable effort.

7. Within twenty (20) business days of the date of this Order, Plaintiffs' Co-Lead Counsel shall cause to be mailed, by U.S. Mail, a Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached to the Stipulation as Exhibit B, to all members of the Class of record who can be identified by Defendants as provided in the preceding paragraph; and within twenty-five (25) business days of the date of this Order, Plaintiffs' Co-Lead Counsel shall cause a summary notice to be published in the national edition of <u>Investors Business Daily</u>, substantially in the form attached to the Stipulation as Exhibit C, (as well a press release mutually agreeable to the parties.

8. The Court approves the selection of the Garden City Group, Inc. by Plaintiffs' Co-Lead Counsel as the Claims Administrator. The Claims Administrator shall use reasonable efforts to give notice to nominee owners, such as brokerage firms and other persons or entities who purchased Textron securities during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed either to forward copies of the Notice and Proof of Claim to their beneficial owners within seven (7) days of their receipt of the Notice, or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their

beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to beneficial owners.

9. The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto. Plaintiffs' Co-Lead Counsel shall, at or before the Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

10. At the Fairness Hearing, any member of the Class who desires to do so may appear personally or by counsel, provided that a notice of appearance is served and filed as hereinafter provided, and show cause, if any, as to:

(a) why the Settlement should not be approved as fair, reasonable, and in the best interests of the Class;

(b) why the Plan of Allocation should not be approved as fair, reasonable, and in the best interests of the Class;

(c) why the Order and Final Judgment substantially in the form attached to the Stipulation as Exhibit E, should not be entered; or

(d) why the Court should not grant plaintiffs' petition for attorneys' fees and expenses, to be paid from the Settlement Fund.

11. Unless the Court in its discretion otherwise directs, no member of the Class or any other person (excluding a party) shall be heard or shall be entitled to contest any of these matters and no papers, briefs, pleadings, or other documents submitted by any member of the Class or any other person (excluding a party) shall be received and considered, except by Order of the Court for good cause shown, unless, no later than ten (10) business days prior to the Fairness Hearing the following documents are served and filed in the manner provided below:

a. a Notice of Intention to Appear;

b. a detailed statement of such person's specific objections to any matter before the Court;

c. documents sufficient to show all purchases and sales of Textron securities made during the Class Period; and

d. the grounds for such objections and any reasons why such person desires to appear and be heard, as well as all documents and writings which such person desires the Court to consider.

12. Such documents shall be filed with the Clerk of the Court, United States District Court for the District of Rhode Island, Federal Building and United States Courthouse; One Exchange Terrace; Providence, Rhode Island 02903-1270, and served by overnight mail or hand delivery upon the following counsel:

**For Plaintiffs:**

Ira M. Press, Esq.
KIRBY McINERNEY & SQUIRE, LLP
830 Third Avenue, 10th Floor
New York, New York 10022

Michael I. Behn, Esq.
BEHN & WYETZNER, CHARTERED
55 West Wacker Drive, Suite 950
Chicago, Illinois 60601

-and-

**For Defendants:**

Mitchell A. Karlan, Esq.
GIBSON DUNN & CRUTCHER, LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193

13. Unless the Court otherwise directs, no member of the Class or other person shall be entitled to object to the Settlement, or to the Final Judgment to be entered herein, or otherwise to be heard, except by serving and filing written objections as described above. Any person who fails to object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action.

14. Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than ten (10) business days prior to the Fairness Hearing, to the address designated in the Notice. Such request for exclusion shall clearly indicate the name and address of the person seeking exclusion, that the sender requests to be excluded from the Class, and must be signed by such person. Such persons requesting exclusion are also requested to state: their telephone number and the date(s), price(s), and number(s)

of shares of all purchases and sales of Textron securities during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

15. Any Class Member who does not timely and validly request exclusion from the Class shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable and regardless of whether such Class Member submits a Proof of Claim.

16. Any Class Member who wishes to participate in the Settlement must complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless otherwise ordered by the Court, all Proof of Claim Forms must be completed and submitted no later than [120 days] after the Notice date. Unless otherwise ordered by the Court, any Class Member who does not complete and submit a valid Proof of Claim within the time provided shall be barred from sharing in the distribution of the Net Settlement Fund.

17. Pending final determination of whether the Stipulation shall be approved, Plaintiffs, all members of the Class and each of them, and any of their respective representatives, trustees, predecessors, successors, parents, subsidiaries, divisions, heirs, and assigns are barred from commencing or prosecuting any action or proceeding asserting directly or indirectly any one or more of the Settled Claims against any defendant. All pretrial proceedings in the Action relating to the claims against Defendants are stayed and suspended until further order of the Court.

18. If the Settlement provided for in the Stipulation shall be approved by the Court following the Fairness Hearing, an Order and Final Judgment shall be entered as described in the Stipulation.

19. If the Stipulation is not approved by the Court, or is terminated by Defendants

or plaintiffs in accordance with paragraph 10 of the Stipulation or shall not become effective for any reason whatsoever, this Action shall proceed, completely without prejudice to any party as to any matter of law or fact, as if the Stipulation had not been made and had not been submitted to the Court (except as provided in the Stipulation), and neither the Stipulation nor any provision contained in the Stipulation nor any action undertaken pursuant thereto nor the negotiation thereof by any party shall be deemed a presumption, concession or admission by any defendant in the Action of any fault, liability, or wrongdoing as to the facts or claims alleged or asserted in the Action, or any other actions or proceedings, and shall not be offered or received in evidence or otherwise used by any person in the Action or interpreted, construed, deemed, invoked in any other action or proceeding, whether civil, criminal, or administrative.

20. The Court hereby retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated: ______________________

ENTERED:

William E. Smith, U.S.D.J.
1/31/06