UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOEL ROSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TEXTRON, INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH, and TERRY D. STINSON,<br><br>Defendants. | Civil Action No. 02-190S<br><br>Judge William E Smith<br><br>Class Action<br><br>JURY TRIAL DEMANDED |
| LESLIE TURBOWITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TEXTRON, INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH and TERRY D. STINSON,<br><br>Defendants. | Civil Action No. 02-264S |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES**

KIRBY McINERNEY & SQUIRE LLP
Ira M. Press, Esq.
830 Third Avenue, 10th Floor
New York, New York 10022
(212) 371-6600

BEHN & WYETZNER, CHARTERED
Michael I. Behn, Esq.
55 W. Wacker Drive, Suite 950
Chicago, IL 60601
(312) 629-0000

Plaintiffs' Co-Lead Counsel

FUTTERMAN & HOWARD, CHTD.
Ronald Futterman, Esq.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
(312) 427-3600

LAW OFFICES OF WILLIAM M. KOLB, LLC
William M. Kolb, Esq.
1 Ship Street
Providence, Rhode Island 02903
(401) 490-8297

Plaintiffs' Liaison Counsel

May 23, 2006

## INTRODUCTION

Plaintiffs' counsel respectfully submit this brief as directed by the Court at the May 9, 2006 settlement approval hearing (the "Hearing") in order to address the issue raised by defendants of whether it is proper to include the lodestar of non-lead counsel, Milberg Weiss Bershad & Schulman LLP in the Plaintiffs' Counsel request of attorneys' fees.[1] Lead Plaintiffs and class representatives Local 710 Funds were represented by the three law firms appointed as co-lead counsel in this case. Milberg Weiss separately represented William Swartzchild, who was not a lead plaintiff.

At its heart, defendants' objection is fundamentally meritless. It is common practice in class actions for lead counsel to draw upon the resources of other plaintiffs' counsel. Nothing in Federal Rule of Civil Procedure 23 or the Private Securities Litigation Reform Act of 1995 ("PSLRA") prohibits this practice, so long as counsel do not act in a wasteful or duplicative fashion. The practice allows counsel for plaintiffs to pool resources when doing battle with defendants, who generally are represented by law firms that are far larger than the firms that regularly represent plaintiffs. Lead counsel's fee applications in securities and other consolidated class actions generally include lodestar figures from non-lead counsel who assisted in the prosecution. More importantly, court orders awarding fees in such cases typically contain *express authorization* for lead counsel to share a portion of the fee with non-lead counsel consistent with their level of contribution to the prosecution.

There has been no suggestion of wasteful or duplicative work here. The work performed by Milberg Weiss was necessary and beneficial to the prosecution of the action. *Defendants do not contend otherwise.* Had Milberg Weiss not performed the work, lead counsel would have had to do

---

[1] In a separate submission, plaintiffs provide the information the Court requested at the hearing concerning counsel's litigation expenses.

so. Counsel's overall lodestar would not have been reduced materially, if at all – it just would have been allocated differently.

In any event, under the circumstances of this case, concerns about the role of non-lead counsel are truly much ado about nothing. Under the percentage fee approach, counsel's award is based on the result obtained for the class, not the number of hours spent by counsel. As such, lead counsel's assignment of work to other counsel should not affect the overall fee award here. Moreover, even if this Court were to follow the lodestar approach in awarding attorneys' fees, questions concerning the participation of Milberg Weiss would not impact on the appropriateness of the amount of the requested attorneys' fees. Even if the Court were to disregard the lodestar of Milberg Weiss when considering the fee application – a position that we respectfully submit would be contrary to the law and the facts here - - plaintiffs' Counsel's requested fee ($2,310,000) would still be *less* than even this inappropriately-reduced lodestar ($2,456,174). As a result, the Court does not even need to address this issue in order to grant counsel's attorneys' fee request in full.

## ARGUMENT

### I. PARTICIPATION BY NON-LEAD COUNSEL IS PERMITTED GENERALLY, AND IT BENEFITTED THE CLASS HERE

#### A. Courts Permit Lead Counsel to Share the Work In A Non-Duplicative Manner

Traditionally, courts have appointed one or more "lead counsel" in consolidated class actions for purposes of organizational efficiency. *See, e.g.*, MANUAL FOR COMPLEX LITIG., § 10.221 (4th ed. 2004). A consolidated action cannot operate effectively or efficiently if many law firms are simultaneously prosecuting the action independently of one another – all purporting to represent substantially the same class. The PSLRA provides a mechanism for determining which counsel, among the many who might file related actions or might represent prospective lead plaintiffs in those

actions, should be at the helm of the prosecutorial effort. The Court-appointed lead counsel (and in PSLRA cases, the lead plaintiff) have the final say on strategic decisions, and they are charged with preparing the pleadings, briefs and other submissions in the litigation. Once the Court appoints lead counsel, all communications between plaintiffs and the defendants or the Court go through the lead counsel.

Nothing about the appointment of lead counsel prevents or precludes the lead counsel from utilizing the assistance of other plaintiffs' counsel, so long as it is done in an efficient non-duplicative and non-wasteful manner. As the Third Circuit observed in *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173 (3d Cir. 2005), the PSLRA grants lead plaintiff and lead counsel responsibility for selecting and supervising the attorneys who perform work on behalf of the class and they are given broad discretion in determining the allocation of work, and ultimately fees, to various non-lead counsel. *Id.* at 181. Given the reality that most defendants in securities class actions are represented by law firms that are larger than any of the firms that traditionally represent plaintiffs, it is often in the best interests of the class for plaintiffs to pool their resources. Here, for example, defendants were represented by Gibson Dunn & Crutcher, a national law firm that has more than 800 attorneys – more than any traditional plaintiffs class action law firm in the U.S. (perhaps even more than the entire nationwide securities plaintiffs' bar combined).[2]

Courts have recognized that lead counsel may allocate work to other counsel. Courts do not object, so long as it is done in a non-duplicative manner. *See, e .g.*, *In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 224 (D.N.J. 1999) ("Milberg Weiss may, however, in its capacity as lead counsel

---

[2] The 800-attorney figure comes from Gibson Dunn's website, www.gibsondunn.com.

distribute non-duplicative work assignments to non-lead counsel, so as to facilitate the orderly and efficient prosecution of the action."); *see also In re Wells Fargo Sec. Litig.*, 156 F.R.D. 223, 227 (N.D. Cal. 1994) ( lead counsel may "farm[] out work on the case to another law firm because of specialized knowledge, proximity to witnesses or evidence, or other comparative advantages, *or even to spread risk*") (emphasis added). Similarly, in *Malin v. IVAX Corp.*, No. 96-1843, 1996 U.S. Dist. LEXIS 22452 (S.D. Fla. Nov. 1, 1996), when appointing lead counsel the court:

> also note[d] the experience of the many well qualified firms retained on behalf of the various plaintiffs in this action in the field of securities litigation. Therefore, the Court expects that counsel retained by the [lead plaintiff] will utilize the talents and expertise of the various firms who were retained by other plaintiffs in this action in their position as lead counsel.

1996 U.S. Dist. LEXIS 22452, at *12.

As lead counsel is permitted to share the workload with other counsel when it sees fit, the Manual for Complex Litigation expressly acknowledges that the circumstances of common fund cases "may call for awarding attorney fees to counsel other than class counsel." MANUAL FOR COMPLEX LITIG. § 21.71 at p. 337 (4th ed. 2004); *see also* Newberg, ATTORNEY FEE AWARDS § 2.24 (1986) (discussing attorney fee awards to non-lead attorneys who contributed services leading to the realization of the settlement, including counsel for class representatives or even counsel who ultimately withdrew from the case).

Consistent with the foregoing, it is standard practice for courts to "award the attorneys fees and costs to all class counsel to be distributed among the participating counsel based on their respective contributions to the litigation according to the discretion of lead counsel." *In re Indigo Sec. Litig.*, 995 F. Supp. 233, 235 (D. Mass. 1998) (collecting auths.); *see also In re Diet Drugs Prods. Liab. Litig.*, MDL No. 1203, Civ. No. 99-20593, 2002 U.S. Dist. LEXIS 19396, at *65 (E.D.

Pa. Oct. 2, 2002) ("There is ample authority for a court making award of attorneys' fees out of a common fund to permit lead counsel to allocate fees among all counsel entitled to share in the award."). For additional examples, the Court need look no further than the orders that were annexed as exhibits to Plaintiffs' May 2, 2006 Settlement and Fee Brief ("Fee Br."). For example, in *Zeid v. Open Env't Corp.*, No. 96-12466-EFH (D. Mass. June 24, 1999) (Fee Br., Ex. B), the court awarded a fee to lead counsel "on behalf of all counsel for Named Plaintiffs and the Class," and authorized lead counsel to "allocate the fees awarded among all Counsel for Named Plaintiffs as it shall deem fair and equitable." *Id.* at p. 5, ¶ 13. *See also In re Vmark Software, Inc. Sec. Litig.,No.* 95-12249-EFH (D. Mass. Nov. 24, 1998) (Fee Br., Ex. C) at p. 5 (authorizing plaintiffs counsel to "apportion the fees based upon their assessment in their sole discretion of the respective contributions to the litigation made by other counsel representing the class"); *In re Zoll Med. Corp. Sec. Litig.*, No. 94-11579-NG (D. Mass. Oct. 5, 1998) (Fee Br., Ex. D), at p. 4 ("Any and all allocations of attorneys' fees among the attorneys representing Class Plaintiffs shall be made by Liaison Counsel for the Class, who shall apportion the fees based upon their assessment, in their sole discretion, of the respective contributions to the litigation made by counsel."). *See also In re Copley Pharm. Inc. Sec. Litig.*, No. 94-11897 (D. Mass. Feb. 8, 1996) (Fee Br., Ex. F), at p. 6; *In re Summit Tech. Sec. Litig.*, No. 96-11589-JLT (D. Mass. Apr. 25, 2001) (Fee Br., Ex. A), at p. 1.

All of the foregoing fee awards followed applications in which the lodestar figures of *all* plaintiffs' counsel and lead counsel were submitted to the Court. In fact, "submission of a combined fee application with actual allocation to be made by lead counsel has generally been adopted by the courts." *In re Linerboard Antitrust Litig.*, No. MDL-1261, Civ. 98-5055, 2004 WL 1221350, at *17 (E. D. Pa. June 2, 2004) (collecting auths.) Moreover, the court authorization given to lead counsel

to distribute the fee award among other counsel, including non-lead counsel, necessarily means that the courts recognized and authorized compensation of non-lead counsel for their contribution to the litigation effort.

**B. The Work Performed By Milberg Weiss Was Necessary and Not Duplicative**

Here, the work performed by Milberg Weiss was necessary to the prosecution of the lawsuit, and it was neither unnecessary nor duplicative.

Milberg Weiss attorneys assisted counsel with reviewing and analyzing hundreds of thousands of pages of documents that defendants and third-parties produced. They also took the laboring oar on some of the discovery motions that were filed as a result of the disputes concerning the sufficiency of parties' document productions. Had this work not been done by Milberg Weiss, it would necessarily have been done by plaintiffs' co-lead counsel, thereby creating a corresponding increase in co-lead counsel's lodestar. *See, e.g.,* Supplemental Declaration of Ira M. Press in Further Support of Plaintiffs' Application for Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Press Suppl. Decl."), at ¶ 17. *See also* Supplemental Declaration of Kirk E. Chapman, Exhibit D to the Press Suppl. Decl. at ¶¶ 10-15.

In fact, at the May 9, 2006 hearing, the Court remarked that counsel's expenditure for experts seemed lower than the Court would have expected. *See* Transcript of the May 9, 2006 Final Settlement Hearing ("Hrg. Tr."), Press Suppl. Decl. Ex. A, p. 10. This resulted, at least in part, from the contributions of Jorge A. Amador of Milberg Weiss, who spent 327.50 hours on the litigation. *See* May 1, 2006 Declaration of Kirk E. Chapman in Support of Petition for Attorneys' Fees and Disbursements Filed on Behalf of Milberg Weiss Bershad & Schulman LLP at Exhibit 1. Mr. Amador is an attorney and a C.P.A. *See* Chapman Suppl. Decl. at ¶11. His involvement in the

action clearly reduced the extent to which plaintiffs' counsel needed to rely on the services of outside accounting experts. Even defendants' counsel acknowledges that he has no reason to suspect that plaintiffs' counsel's work was done in a wasteful or duplicative manner. *See, e.g.*, Hrg. Tr. p.30, ln. 21 - p. 31, ln.2: Mr. Karlan: "I have no reason to think that there was duplication of effort, Judge....I don't want anybody to think that I raised this point because I was challenging or questioning or demeaning the quality or the extent of the work or its value that was done by Milberg."[3] In fact, defendants' counsel acknowledged that Milberg Weiss made key contributions to the prosecution effort. *See* Hrg. Tr. at p.24, lines 15-19: Mr. Karlan: "I will assure your Honor that Milberg Weiss did do work on this case.... They were an important part of the prosecution of the case, and there's no question that they added value."

In short, Milberg Weiss's contribution was by no means duplicative. Milberg Weiss performed work that otherwise would have been done by co-lead counsel, and did so at the direction of lead counsel. *See* Chapman Suppl. Decl. at ¶¶ 10-15.

### C. Concerns About Non-Lead Counsel Are, In Any Event, Irrelevant To The Application In This Case

Due to the nature and size of the requested fee here, the Court need not rule on non-lead counsel's authorization or contribution in order to grant the requested fee.

In the first instance, the majority of courts award attorneys' fees in common fund cases based upon a percentage of the recovery obtained, as opposed to a specific multiple of the lodestar. *See* Fee Br. at pp. 27-31. Counsel's entitlement to a percentage fee is not affected by questions

---

[3] Defendants do not and we suspect cannot contend that the hours or the lodestar of its counsel (outside and in-house) in connection with the defense of this action were significantly if at all less than those of plaintiffs' counsel.

concerning the lodestar (especially where the objecting counsel does not dispute the accuracy of the lodestar figures or the value added by the counsel in question).

Moreover, insofar as this Court looks to the lodestar as a check on the reasonableness of the fee request, objections to non-lead counsel's role are still irrelevant. Even if one were to assume *arguendo* -- contrary to the record and to reality -- that the hundreds of hours spent by Milberg Weiss attorneys reviewing and analyzing complex accounting documents, researching and writing briefs and the like were all unnecessary duplication, the lodestar of the remaining plaintiffs' counsel ($2,456,174) still exceeds the requested fee ($2,310,000).[4] Even if Milberg Weiss's lodestar is disregarded, the requested fee is still a *discount* to lodestar. In light of the foregoing, the "concerns" raised by defendants' counsel really are much ado about nothing.

---

[4] As previously set forth in the May 1, 2006 Press Declaration (at ¶34), Plaintiffs' counsel (including Milberg Weiss attorneys) collectively devoted 9,756.65 hours to the prosecution of this case for an aggregate lodestar of $3,271,589.25.

## CONCLUSION

For the reasons set forth above and in plaintiffs' prior submissions, it is respectfully requested that the Court grant the requested attorneys' fee award and, as set forth in the Supplemental Press Declaration, the Court should grant counsel's petition for reimbursement of counsel's out-of-pocket expenses in the now-reduced amount of $236,959.80.

Dated: May 23, 2006

Respectfully submitted,

LAW OFFICES OF WILLIAM M. KOLB LLC

By: [signature]

William M. Kolb, Esq.
1 Ship Street
Providence, Rhode Island 02903
(401) 490-8297

Plaintiffs' Liaison Counsel

BEHN & WYETZNER, CHARTERED
Michael I. Behn
55 West Wacker Drive, Suite 950
Chicago, Illinois 60601
(312) 629-0000

KIRBY McINERNEY & SQUIRE LLP
Ira M. Press, Esq.
830 Third Avenue, 10th Floor
New York, New York 10022
(212) 371-6600

FUTTERMAN & HOWARD, CHTD.
Ronald Futterman, Esq.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
(312) 427-3600

Plaintiffs' Co-Lead Counsel

-and-

MILBERG WEISS BERSHAD &
SCHULMAN, LLP
Kirk E. Chapman, Esq.
One Pennsylvania Plaza, 49th Floor
New York, New York 10119
(212) 594-5300

Plaintiffs' Counsel

Certificate of Service

I hereby certify that on the 23rd day of May, 2006, a true and accurate copy of Plaintiffs' Supplemental Brief in Further Support of Application for Award of Attorneys' Fees was served by first class mail, postage prepaid, upon the following:

Michael I. Behn, Esq.
Behn & Wyetzner, Chartered
55 West Wacker Drive
Suite 950
Chicago, Illinois 60601

Ira M. Press, Esq.
Mark Strauss, Esq.
Kirby McInerney & Squire, LLP
830 Third Avenue, 10th Floor
New York, New York 10022

Ronald L. Futterman, Esq.
Futterman & Howard, Chtd.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603

Kirk Chapman, Esq.
Milberg Weiss Bershad Hynes
& Lerach LLP
One Pennsylvania Plaza
New York, NY 10019

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Anthony J. Mahajan, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166

John A. Tarantino, Esq.
Paul V. Curcio, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

WAntucose
______________________