UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOEL ROSEN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>TEXTRON, INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH, and TERRY D. STINSON,<br><br>        Defendants. | C.A. No. 02-190-S |
| LESLIE TURBOWITZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>TEXTRON, INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH, and TERRY D. STINSON,<br><br>        Defendants. | C.A. No. 02-264-S |

### MEMORANDUM AND ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION

William E. Smith, United States District Judge.

Hoping for a less litigious New Year, on December 29, 2005, Plaintiffs International Brotherhood of Teamsters Local 710 Pension Fund, Local 710 Health and Welfare Fund, Local 710 Employees' Pension Fund (collectively, the "Local 710 Funds"), and William Swartchild III ("Swartchild"), and Defendants Textron, Inc., and

several of its senior executives (collectively, the "Defendants") entered into a Stipulation of Settlement ("Settlement").[1] The Court granted preliminary approval of the Settlement on January 31, 2006, and, during the subsequent Fairness Hearing, indicated that the Settlement itself appeared fair, reasonable, and was likely to be approved. Currently before the Court is a Motion for Final Approval of the Proposed Settlement, Plan of Allocation, and Joint Application of Plaintiffs' Counsel for an Award of Attorneys' Fees and Reimbursement of Expenses.[2]

The parties propose a settlement of $7 million ("Settlement Fund"), plus interest. Plaintiffs' counsel request attorneys' fees in the amount of 33% of the Settlement Fund (or $2,310,000), and reimbursement for $236,959.80 in out-of-pocket expenses with interest.[3] In addition, Lead Plaintiff Local 710 Funds requests

---

[1] The posture and background of this case is detailed in Rosen v. Textron, Inc., 369 F. Supp. 2d 204 (D.R.I. 2005) (granting class certification), and Rosen v. Textron, Inc., 321 F. Supp. 2d 308 (D.R.I. 2004) (denying dispositive motion); the Court will not rehash those facts here, but refers the interested reader to the above cited opinions.

[2] Submitted by Plaintiffs' co-lead counsel Kirby McInerney & Squire, LLP, Futterman & Howard, CHTD, and Behn & Wyetzner, Chartered; The Law Offices of William M. Kolb, LLC serve by appointment as liaison counsel for the class and also participated in the submission of the pending Motion.

[3] At the Fairness Hearing, the Court drew attention to certain aspects of the attorneys' fee and expense reimbursement application; specifically, the Court questioned Plaintiffs' counsel (1) whether facially excessive expenses for, inter alia, photocopying and electronic legal research inappropriately incorporated a premium, and (2) whether its application

reimbursement in the amount of $10,000 for costs and expenses associated with its representation of the class.

For the reasons set forth at the Fairness Hearing, and upon further review of the parties' submissions, the Court approves the Settlement and Plan of Allocation. Furthermore, the Court approves Plaintiffs' counsel requests for attorneys' fees; however, for the reasons fully articulated in this Court's recent Memorandum and Order in In Re Cabletron Sys., Inc. Sec. Litig. (Mesko v. Cabletron Sys., Inc.), No. 99-cv-408 (D.N.H. Oct. 12, 2006),[4] the Court finds that a fee award on a percentage-of-fund basis of 21.5 percent of the Settlement Fund (or $1,505,000) is reasonable.[5] Finally, the Court approves the requests of Plaintiffs' counsel and Lead Plaintiff Local 710 Funds for reimbursement of expenses in the manner described below.

---

inappropriately included the rather sizeable lodestar of Milberg Weiss Bershad & Schulman LLP ("Wilberg Weiss"). Milberg Weiss separately represented Swartzchild, and participated in the prosecution of the case in a delegatory manner at the direction of Plaintiffs' counsel. In reponse, Plaintiff's counsel submitted supplemental briefing (1) revising sought-after litigation expenses from $270,578.47 to $236,959.80 (saving the class over $30,000), and (2) averring that the admittedly extensive participation of Milberg Weiss was nevertheless appropriate, necessary, and non-duplicative.

[4] For ease of reference, this recently-issued opinion is appended in full to this Memorandum and Order.

[5] Applying the lodestar of $3,271,589.25 to this figure yields a lodestar multiplier that approaches .5. This lodestar raises concerns regarding reasonableness.

It is hereby ordered as follows:

1. The Motion for Final Approval of the Proposed Settlement and Plan of Allocation is GRANTED;

2. The Request of Plaintiffs' Counsel for an Award of Attorneys' Fees is GRANTED in the amount of $1,505,000; $10,000 shall be deducted from this amount, allocated to the settlement amount, and designated for Lead Plaintiff Local 710 Funds.

3. The Request of Plaintiffs' Counsel for Reimbursement of Expenses is GRANTED in the amount of $236,959.80;

4. The Request of Lead Plaintiff Local 710 Funds for Costs and Expenses in the amount of $10,000 is GRANTED in the manner described in Order Number 2;

5. The amounts of fees and expenses shall bear interest at the same rate and from the same date as the Settlement Fund.

ENTER:

/s/ William E. Smith
William E. Smith
United States District Judge
Date: 10/19/06