UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOEL ROSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TEXTRON INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH, and TERRY D. STINSON,<br><br>Defendants. | Civil Action No. 02-190S<br><br>Judge William E. Smith<br><br>Class Action<br><br>JURY TRIAL DEMANDED |
| LESLIE TURBOWITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TEXTRON INC., LEWIS B. CAMPBELL, JOHN A. JANITZ, THEODORE R. FRENCH and TERRY D. STINSON,<br><br>Defendants. | Civil Action No. 02-264S |

**ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing on May 9, 2006 pursuant to the Order of this Court, on the parties' application for approval of the Settlement set forth in the Stipulation of Settlement, dated as of December 29, 2005 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceeding had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND

DECREED THAT:

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including members of the Class.

3. Pursuant to Federal Rule of Civil Procedure 23(e) and the Court's Memorandum and Order dated October 19, 2006, this Court approved the Settlement and Plan of Allocation.

4. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Class, the Action and all claims contained therein, as well as all of the Settled Claims are dismissed with prejudice as to the Plaintiffs and the other members of the Class, and against Releasees. Each of the parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Upon the Effective Date of the Settlement (*i.e.*, November 20, 2006), the Plaintiffs and each Member of the Class are deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Claims against the Releasees, whether or not such Class Member executes and delivers the Proof of Claim and Release.

6. Upon the Effective date, all Class Members are hereby forever barred and enjoined from prosecuting the Settled Claims against the Releasees.

7. Pursuant to the PSLRA, the Releasees are hereby discharged from all claims for contribution by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Settled Claims of the Class or any

Class Member. Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all claims for contribution: (a) against the Releasees; and (b) by the Releasees against any Person or entity other than any person or entity whose liability to the Class have been extinguished pursuant to the Stipulation and this Order.

8. Upon the Effective Date of the Settlement, each of the Releasees shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and Plaintiffs' Counsel from all claims, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Settled Claims.

9. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(A)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) and the requirements of due process.

10. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or concession by Defendants as to any claim asserted in the Action or any other action or proceeding, (b) are not and shall not be construed to be evidence of an admission or concession by the Plaintiffs that

claims asserted in the Action against the Defendants lacked merit, and (c) shall not be offered or received in evidence in any action or proceeding except in a proceeding to enforce the terms of the Stipulation.

11. Without affecting the finality of this Order in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund and (c) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

12. The Court finds that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13. There is no reason for delay in the entry of this Order of Dismissal with Prejudice and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

DATED: Dec 13, 2006

ENTERED

WESmith

THE HONORABLE WILLIAM E. SMITH

**EXHIBIT 1**

| | | |
|---|---|---|
| 1. | C. J. Allen & Wanda Allen JT Tenants<br>3345 Crites Street<br>Fort Worth ,TX 76118 | |
| 2. | Juanita R. Avey. Trustee U-A<br>DTD 05/29/96 Avey Family Trust<br>5416 Sweet Shade Street<br>Las Vegas, NV 89130 | |
| 3. | Dolores M. Ayala<br>1306 Circle Park Boulevard<br>Fort Worth, TX 76106 | |
| 4. | B. Jean Bergersen<br>1250 Taylor Avenue N # 403<br>Seattle, WA 98109 | 100 shares |
| 5. | Emily A. L. Brincka<br>85 W. Main Street<br>Honeoye Falls, NY 14472 | |
| 6. | Thomas H. Butler<br>128 Lake Side Drive<br>Montgomery, TX 77356 | 98 shares |
| 7. | Ann D. Dey<br>1905 15 Avenue Dr. W.<br>Bradenton, FL 34205 | |
| 8. | Dorman E. & Burnadett D. Dickerson<br>4617 Ridgemont Road<br>Fort Worth, TX 76117 | 400 Shares |
| 9. | Virginia Mary Foulk<br>10680 Westbrae Parkway<br>Apt. # 258<br>Houston, TX 77031 | |
| 10. | Betty M. Frantz<br>2330 Maple Road, Apt. 274E<br>Williamsville, NY 14221 | 156 shares |

| | | |
|---|---|---|
| 11. | Frank J. Grano & Marjorie L. Grano, JT Tenants<br>2605 Fairway Drive<br>Niagara Falls, NY 14305 | 1.27 shares |
| 12. | Betsy Kerr<br>611 Pacer Lane<br>Waxhaw, NC 28173 | |
| 13. | Virgil A. Knerr<br>324 W. Yates Avenue<br>Findlay, OH 45840 | |
| 14. | Jeans S. LaViolette, Trustee<br>U-W of Helen N. Scully<br>Unit 305<br>405 Bouchelle Drive<br>New Smyrna Beach, FL 32169 | |
| 15. | Joyce L. McReynolds<br>3852 Heywood Avenue<br>Fort Worth, TX 76109 | |
| 16. | Phyllis A. Muzeroll<br>6 Osgood Avenue<br>Claremont, NH 03743 | |
| 17. | Mildred K. Naylor<br>13 North Street<br>Box 231<br>Grafton, MA 01519 | |
| 18. | Carol A. Pitman<br>10718 East County Road 650 S.<br>Indianapolis, IN 46231 | 27.12 shares |
| 19. | Margaret Fenski Prygon<br>62 Cathedral Lane<br>Cheektowaga, NY 14225 | |
| 20. | Frank R. Sadler<br>210 Autumn Drive<br>Exton, PA 19341 | |
| 21. | Marilyn T. Savary<br>37537 Amigo Drive<br>Zephyr Hills, FL 33541 | |

| | | |
|---|---|---|
| 22. | Jack E. Silburn IRA R/O<br>FCC, as Custodian<br>Managed by Sovereign Asset Managers<br>2204 Blue Heron Loop<br>Lincoln, CA 95648 | |
| 23. | Robert J. Warner<br>P.O. Box 876<br>Ogunquit ME 03907 | 41 shares |
| 24. | Steve Youngberg<br>5415 Orchard Avenue<br>Rockford, IL 61108 | |
| Total shares reported excluded | | 664.39 shares |